McLane *vs.* The State of Georgia.

| 4 | 335 |
|----|----|
| 103 | 6 |

No. 37.—PINCKNEY McLANE, plaintiff in error, *vs.* THE STATE
OF GEORGIA, defendant in error.

[1.] Testimony taken by Interrogatories and Commission, according to the Act
of 1811, cannot be read in evidence on the trial of a criminal cause, in behalf
of the defendant.

[2.] Where it appeared on the face of the Indictment, that the offence with
which the defendant was charged, was barred by the Statute of Limitations,
and none of the exceptions mentioned in the Statute to prevent its operation
were alleged therein, a motion to arrest the judgment was allowed.

[3.] Where the testimony is conflicting, relative to the character of the dwelling
house alleged to have been burned by the defendant, a new trial will not be
granted, where the law and the facts of the case have been fairly submitted
to the Jury.

Indictment for Arson, in Habersham Superior Court.   Tried
before Judge Dougherty, September Term, 1847.

The plaintiff in error, together with one Thomas Heath, Perry
Munroe and William Mince, were indicted at the April Term,
1847, of the Superior Court of Habersham County, for the of-
fence of Arson.   " For that the said Thomas Heath, Perry Mun-
roe, William Mince and Pinckney McLane, on the 10th day of
February, 1842, with force and arms, in the County aforesaid,
maliciously, wilfully and feloniously, did set fire to and burn a
house, used as a dwelling house, in the night time—the property,
and in the possession of Moses Horshaw, in the County of Hab-
ersham; the said house not being then and there, in a town or
city or village."

" And the Jurors aforesaid, upon their oaths aforesaid, do fur-
ther charge and accuse *John* Heath, of the County and State
aforesaid, with the offence of being accessory before the fact.—
For that he, the said John Heath, in the County aforesaid, before
the said felony was committed, in form aforesaid, to-wit : on the
10th day of February, in the year aforesaid, in the County afore-
said, did feloniously, maliciously, wilfully and unlawfully incite,
move, procure, counsel, hire and command the said Thomas
Heath, Perry Munroe, William Mince and Pinckney McLane,
the said felony in manner and form aforesaid, to do and commit,
contrary to the laws of said State, the good order, peace and dig-
nity thereof."

The plaintiff in error was placed upon his trial, at the October Term, 1847, of said Court.

During the progress of the case, the defendant below offered in evidence the Interrogatories of Isaac Wilkins and John Wilkins. The Court rejected the testimony, on the ground that Interrogatories could not be received for the defendant in a criminal case, to which decision defendant below excepted, and error has been assigned.

The evidence disclosed, that a house belonging to Moses Horshaw was burned in the night-time, in January or February, 1842, but no knowledge of the perpetrators came to the prosecutor, (Horshaw,) until October Term, 1846. The house, it seemed, was built for a storehouse, and shelved as such, but never used as such—witness had used the house as his dwelling house. It stood some 60 yards from the old dwelling house of the family of the prosecutor; his family, at the time of the burning, and for several years previous, lived in Clarksville. The prosecutor owned a gold mine near by, and for two years, when he came to attend his mine, slept in the house afterwards burnt. There was a bedstead and bed-cord in the house when burnt, although no one had slept there for six months previous.

The defendant was proved to have been present, at the time the house was burnt, and the testimony was contradictory as to how far he participated in it. It is unnecessary for the points made before this Court, to state that testimony. It was proven that John Wilkins, Isaac Wilkins and Henry Heath, were present at the same time, and were not included in the indictment. All agreed at the time, that if any one disclosed the fact, the others should kill him. Upon this point, also, the evidence did not agree.

The Jury found the defendant, Pinckney McLane, guilty.

Whereupon, (by consent of the Solicitor General,) counsel for defendant, moved in arrest of judgment, and for a new trial.

In arrest of judgment—

1st. That the indictment does not shew that the house burned, was the dwelling house of any one.

2d. That the indictment showed upon its face that it was barred by the Statute of Limitations, and did not show on its face any thing by which the effect of the Statute could be avoided.

McLane *vs.* The State of Georgia.

3d. That the indictment does not show that the house burned, was situated within the jurisdiction of the Court.

4th. That the count, in the indictment in which the defendant was charged, does not conclude in the words required by the Statute.

And for a new trial—

1st. Because the verdict was contrary to the evidence.

2d. Because the Court erred in refusing to charge the Jury, that it was necessary to be proved that the house burned, either was the permanent abode of the prosecutor, or some part of his family, or that it had been so, and had been left with an intention to return and use it again as such.

3d. Because the testimony showed that the house burned, was not Horshaw's dwelling-house, in the meaning of the law.

4th. Because the testimony showed that the perpetrators of the offence were known at the time it was committed, to others besides those indicted, and there was no evidence that the offenders were unknown to any one but the prosecutor.

Both of which motions were overruled by the Court ; to which decisions the defendant below and plaintiff in error excepted, and for grounds of error assigns—

1st. That the Court erred in rejecting the testimony of John Wilkins and Isaac Wilkins, taken by interrogatories, and offered by the defendant.

2nd. That the Court below erred in overruling the motion of defendant, in arrest of judgment, made on the following grounds, viz :

First, That the indictment does not show that the house burned, was the dwelling-house of any one.

Second, That the indictment showed upon its face that it was barred by the Statute of Limitations, and did not show on its face any thing by which the effect of the Statute could be avoided.

Third, That the count of the indictment in which the defendant was charged, does not conclude in the words required by the Statute.

3d. That the Court erred in overruling the motion for a new trial made by the defendant, on the following grounds, viz.

That the testimony showed that the house burned was not Horshaw's dwelling house, in the meaning of the law.

That the testimony showed, that the perpetrators of the offence

were known at the time it was committed, to others besides those indicted, and there was no evidence that the offenders were unknown to any one but the prosecutor.

UNDERWOOD, OVERBY and HULL, for the plaintiff in error, cited and commented on the following authorities : *Russell & Ryan,* 80, 140. *Leach,* 186, 771, 877. *Russell on Crimes,* 806. *East, P. C.* 496, 7, 8. *Roscoe, Cr. Ev.* 260, 270. *Archb. Cr. P.* 284, 90. *People vs. Reeder,* 1 *Wheel. Cr. Cas.* 418. 1 *Hale,* 305. 25 *Eng. Com. Law Rep.* 452.

WALKER, Solicitor General, and HILLYER, contra.

*By the Court.*—WARNER,. J. delivering the opinion.

[1.] The plaintiff in error excepted to the decision of the Court below, in rejecting the testimony of John Wilkins and Isaac Wilkins, taken by interrogatories and commission, as provided by the Act of 1811, on the part of the plaintiff in error, who was the defendant below.

We think there was no error in the decision of the Court, in rejecting this testimony. The causes contemplated by the Act of 1799 and the Act of 1811, were *civil* causes, in which the testimony of absent witnesses is authorised to be taken by Commissioners, and not *criminal* causes. Where a witness resides beyond the jurisdiction of the State, and the compulsory process of the Court, for obtaining witnesses in his favor, could not be rendered available for a defendant in a criminal cause, we do not intend to be understood as deciding that testimony in his favor might not be taken, under such rules and restrictions as the Court in its discretion might adopt, by interrogatories and commission. We leave that an open question, to be determined whenever it shall arise.

The second assignment of error is, that the Court erred in overruling the motion of defendant in arrest of judgment, on the ground that the indictment does not shew, that the house burned was the dwelling house of any one.

The indictment charges that the defendant, with force and arms, in the county aforesaid, maliciously, wilfully, unlawfully and feloniously, did set fire to and burn a house, *used as a dwel-*

*ling house*, in the night time, the property of Moses Horshaw, in the county of Habersham. The indictment charges, that the house burned, was *used* as a dwelling house, the property of the prosecutor. " Arson is the malicious and wilful burning of the house or out-house of another. The wilful and malicious burning of the dwelling house of another, on a farm or plantation, or elsewhere, (not in a city, town or village,) shall be punished by imprisonment and labor in the Penitentiary, for any term not less than five, nor more than twenty years." *Prince's Dig*. 627. Every house for the dwelling and habitation of man, is taken to be a, mansion house, wherein burglary may be committed. *Roscoe's Crim. Ev*. 261. A loft, situated over a coach house and stables, and converted into lodging rooms, has been held to be a dwelling house. 2 *Russell on Crimes*, 13. We are of the opinion, the indictment charges the offence sufficiently plain, that the nature of it may have been easily understood by the jury, as required by the penal code. *Prince*, 658.

[2.] Another ground of error assigned is, that the Court below refused to arrest the judgment, on the ground that the indictment showed upon its face, that it was barred by the Statute of Limitations, and did not show on its face anything by which the effect of the Statute could be avoided. By the Penal Code of 1833, it is declared, " In all other cases (except murder) where the punishment is death, or perpetual imprisonment, indictments shall be filed, and found in the proper Court, within seven years next after the commission of the offence, and at no time thereafter. In all other felonies, the indictments shall be found, and filed, in the proper Court, within four years next after the commission of the offence, and at no time thereafter. Provided nevertheless, that if the offender shall abscond from this State, or so conceal himself that he cannot be arrested, such time, during which such offender has been absent from the State, or concealed, shall not be computed, or constitute any part of the said several limitations." *Prince*, 662. By the Act of December 31st, 1838, it is declared the foregoing Statute of Limitations, shall not extend to those cases in which the offender or offenders is or are unknown. *Hotchk*. 795. The offence is alleged in the indictment, to have been committed on the 10th day of February, 1842. It appears on the face of the indictment, that it was filed, and found, at the April Term, 1847, of Habersham Superior Court, more than four years

after the offence is alleged to have been committed.    It appearing on the face of the indictment, that it was not filed, and found in the proper Court, within the time prescribed by law, the question is, ought the judgment to have been arrested ? We are of the opinion, the judgment should have been arrested, for the reason, that taking every thing to be true, as stated on the face of the indictment, the defendant was not liable under the law, to have been indicted, and punished, for the offence charged against him.    The Statute is peremptory, and declares the indictment shall be found and filed in the proper Court, *within* four years next after the commission of the offence, and at *no time thereafter*.    It is a fundamental principle, that no person shall be deprived of life, liberty or property, without due process of law. From the face of this indictment, the Government, through the agency of its judicial officers, not only seeks to deprive the citizen of his liberty, without authority of law, but in express violation of the declared will of the Legislature.    When the prosecuting officer for the State, prefers a bill of indictment against one of the citizens thereof, for a violation of a public law, he is bound to allege such facts, as, if established by evidence, will authorise the arrest, detention, and judgment of the law thereon.    The indictment must not only show to the Court upon its face, that a public law of the State has been violated, but it should also appear, that the defendant has been indicted therefor, in the manner, and *within the time*, prescribed by the laws of the land.    All such facts, and allegations, as are necessary under the law, to authorize the arrest, detention, trial and conviction of the defendant, should *affirmatively* appear on the face of the indictment : then, it will be presumed, from an inspection of the indictment, that such facts and allegations were duly proved on the trial, and the judgment of the Court will appear to have been authorized by law, to those who may come after us.    The public law of the State declares, that the defendant shall not be indicted for the offence of Arson, after the expiration of four years from the commission of the offence, unless the offender shall abscond, or conceal himself, that he cannot be arrested, or the offender was unknown.    Here is an indictment, charging the defendant with the offence of Arson, on the face of which it appears, the offence was committed more than four years before the indictment was filed, and found, in the proper Court.    No reason stated why it was not

McLano·vs. The State of Georgia.

found before. No allegation, that the defendant was within either of the exceptions mentioned : how could a judgment of conviction by the Court be supported, on this indictment under the law ? The argument is, that the Court is bound to presume it was proved on the trial, the defendant was within one of the exceptions mentioned in the Statute. Admit such a presumption could be indulged, in a *criminal* prosecution, within which one of the exceptions was the defendant, or was he within all of them ? Besides, the defendant, when put upon his trial, on an indictment barred by the Statute, is entitled to know on what ground the State seeks to avoid its operation, as it may constitute a *material* part of his defence. If the State relies on the exception, that the defendant absconded from the State, he may desire to show he did not abscond from the State ; if on the exception that he concealed himself, that he could not be arrested, he might be able to show, by way of rebuttal, that he did not conceal himself, so he could not have been arrested ; if on the exception, that the offender was unknown, he might be able to show, that it was notorious in the neighborhood, who committed the offence : the particular exception relied on, should be alleged in the indictment so as to notify the defendant, that he may be prepared to meet all the allegations on the part of the State, at the trial.

In a criminal prosecution, on a motion in arrest of judgment, the Court will not presume any thing against the defendant, beyond what appears on the face of the indictment; or, as was said by Lord Mansfield in *Rex vs. Wheatly*, 2 *Burrows*, 1127, "In a a *criminal* charge, there is *no latitude of intention*, to include any thing *more* than is charged; the charge must be explicit enough to *support itself*." After the offence was barred by the Statute, the indictment should not only have charged the offence, but should also have alleged, the defendant was within one of the exceptions mentioned, which would authorize the State to proceed against him, after the expiration of the four years from the commission of the offence. It may be stated as a general rule, that the time when an offence is alleged to have been committed in an indictment, will not be considered as material, so it be previous to the finding the indictment ; *but where a time is limited for preferring an indictment, the time laid should appear to be within the time so limited. Arch. Crim. Plead.* 14. *Chitty's Criminal Law, marginal page,* 223. *The State vs. Beckwith,* 1 *Stewart & Por-*

*ter*, 319.  On the score of principle, we think it was incumbent on the prosecuting officer, to have alleged in the indictment the particular exception on which he relied to prevent the operation of the Statute, so that it might affirmatively appear that the defendant was liable under the law, to be arrested, tried and convicted for the offence; and for the further reason, that he might be prepared at the trial, to traverse all the material allegations made by the State against him.  We are aware, that on the civil side of the Courts, the defendant has usually been required to plead the Statute of Limitations, by way of defence, even when it appeared on the face of the declaration, that the demand was barred by the Statute; but we are unwilling to apply that rule to criminal causes, in which the life and liberty of the citizen is involved; believing, as we do, that it is the most regular and safe rule to adopt, to require the particular exception mentioned in the Statute, intended to be proved at the trial, to prevent its operation, to be alleged in the indictment.

[3.]  There is but one other ground of error taken, which was insisted on before this Court, the others having been abandoned on the argument—and that is, the refusal of the Court below to grant a new trial, on the ground that the testimony showed that the house burned was not the dwelling house of the prosecutor, within the meaning of the law.  The testimony was conflicting as to the character of the house; there was some evidence going to show it was a dwelling-house.  The prosecutor stated, he had used it for a dwelling-house, though built for a store-house.— Witness had two gold mines, and frequently changed his residence.  When working at his upper mine, he used the house as a dwelling-house, and there was a bed-stead and cord in the house, when burned.

The charge of the Court to the Jury on this branch of the case, as it appears from the record, was in accordance with the law, and fairly submitted the question to the consideration of the Jury. They found it to have been the dwelling-house of the prosecutor, and in our judgment there was no error in refusing the new trial on this ground.  For the reasons already stated, the motion in arrest of judgment must prevail, and on that ground, the judgment of the Court below must be reversed, and a new trial granted.