Hansford *vs.* The State of Georgia.

GEORGE W. HANSFORD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. In misdemeanors there are no principals in the second degree.

2. If an indictment against several for assault and battery, charges one as principal in the second degree, but alleges such acts on his part as would make him guilty of the offense charged, the words " principal in the second degree" may be rejected as surplusage, and upon proof of the facts alleged, a verdict of guilty will be sustained.

3. An exception which is relied on to prevent the bar of the statute of limitation, should be shown in the indictment.

4. If five defendants are jointly indicted for an offense charged to have been committed at a time which would make the statute a bar, and four of them are alleged to be within a specified exception, and there is no allegation on that question as to the other, the indictment is demurrable as to him.

Criminal law.  Principal.  Indictment.  Statute of limitations.  Before Judge KNIGHT.  Milton Superior Court.  August Term, 1874.

At the August term, 1874, of Milton superior court, an indictment was found against Hansford and others, of which the following is a copy:

"STATE OF GEORGIA—MILTON COUNTY.

"The grand jurors, etc., charge and accuse Lewis Tucker, Robert Camp, Marion Hansford and Rachel Tucker, principals in the first degree, and George W. Hansford, principal in the second degree, of the county and state aforesaid, with the offense of assault and battery.  For that the said Lewis Tucker, Robert Camp, Marion Hansford and Rachel Tucker, on March 10th, 1871, in the county aforesaid, did then and there, unlawfully and with force and arms, in and upon one Margaret Oliver, make an assault, and the said Margaret Oliver did unlawfully beat, bruise, wound, and ill-treat, and other wrongs to the said Margaret Oliver then and there did.  The said Lewis Tucker, Robert Camp, Marion Hansford and Rachel Tucker, while they were so beating and bruising the said Margaret Oliver, were then and there disguised, and had their faces then and there concealed from view, and the said Margaret did not discover who the said Lewis Tucker, Robert A. Camp, Marion Hansford and Rachel Tucker were, who did then and there, as aforesaid, so unlawfully beat and bruise her, the said Margaret Oliver, until March 23d, 1874.

"And the jurors aforesaid, upon their oaths aforesaid, do further say that George W. Hansford, on March 10th, 1871, was constructively present aiding and abetting, and did then and there hire and procure the said Lewis Tucker, Robert A. Camp, Marion Hansford and Rachel Tucker, the assault and

battery aforesaid, in manner aforesaid, to do and commit, contrary to the law," etc.

When the case was called, Robert A. Camp and George W. Hansford were present in court. They moved for a continuance, and the motion was overruled. Counsel for the defendants announced ready for Camp. The solicitor general replied that he would first put Hansford on trial. The latter then demurred to the indictment upon the following grounds:

1st. Because the offense therein charged was barred by the statute of limitations.

2d. Because principals in the second degree are not recognized in misdemeanors.

3d. Because the principal in the second degree cannot be tried before the conviction of the principal in the first degree.

The demurrer was overruled, and the defendant excepted.

W. T. & W. J. WINN, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the state.

TRIPPE, Judge.

1. The tenor of the decisions of this court has been that the common law rule that in misdemeanors there were no principals in the second degree, has never been changed by statute; and in *Lewis vs. The State*, 33 *Georgia*, 137, it was very strongly intimated that had it been necessary to put the judgment on that ground, it would have been so held : See *McCoy vs. The State*, 52 *Georgia*, 287.

2. If, however, one be charged as such principal, and the acts alleged in the indictment would make him guilty as one of the real perpetrators of the misdemeanor, the words, " principal in the second degree," are surplusage, and do not vitiate the indictment. The defendant is fully put on notice of what he is charged with, and it does not fall within the reason of the rulings that one charged as principal in the first degree cannot be found guilty as principal in the second de-

gree, or as accessory after the fact : 36 *Georgia*, 222 ; *McCoy vs. The State, supra.*

3. It was held in *McLane vs. The State*, 4 *Georgia*, 335, that if the offense appears on the face of the indictment to be barred by the statute of limitation in reference thereto, and some exception in the statute is relied on to prevent its bar, such exception should be alleged in the indictment. We are not aware that this case has been overruled, or that it is affected by any subsequent statute.

4. In this case such an exception was charged to exist and to apply to four of the defendants, to-wit : that it was not known until a short time before the finding of the bill that they were the parties who were guilty of the assault and battery, they being masked, etc., when they committed it. But no reason is given why the other defendant, the plaintiff in error, had not been heretofore prosecuted. It is not charged that his guilt was concealed. Nor does the fact that those whom he aided and abetted, or procured and assisted to commit the offense, were unknown, show that his participation was not known by the prosecutor as well as by the public. It may be, and probably is true, that it was concealed, but the principle ruled in *McLane vs. The State, supra,* makes it necessary that it should be so charged in the indictment. The defendant may have procured others to act or aid in the commission of the offense, unknown to the grand jurors or the prosecutor, and yet he could have been indicted and convicted on such allegation and proof as well as if all were known. There is no reason why the rule requiring an indictment to show on its face such exception as would take the case out the limitation act should not apply to this defendant as well as the others, and the court erred in not so holding.

Judgment reversed.