## WATKINS vs. THE STATE OF GEORGIA.

1. If after the commission of a crime the offender escapes and conceals himself so that he cannot be arrested, the statute of limitations will be suspended during the time for which such concealment continues. Code, §4665 ; 54 *Ga.*, 55 ; 4 *Ib.*, 335.

(*a.*) Nor does it matter that the offender is arrested, and then escapes and conceals himself before indictment, and avoids a re-arrest ; such concealment will suspend the statute of limitations. An indictment which alleged these facts was sufficient.

2. Where a man hailed a woman walking along a pathway, and holding something in his hand and saying he had plenty of money, told her to go into a gully, and on her retreating, drew a pistol, and advancing upon her, ordered her to turn back, and she escaped by flight, a verdict of assault with intent to rape, approved by the presiding judge, will not be set aside as unsupported by evidence.

(*a.*) The fact of proximity of a house and public road to the scene of the transaction may have rendered the effort fruitless, but did not render it guiltless.

JACKSON, Chief Justice.

## HAWKS, executrix, vs. HAWKS.

1. Prior to the act of 1874 (acts 1874 p. 19) the statutory homestead provided by §2040 of the Code was not subject to a judgment for purchase money.

2. A judgment regularly obtained in favor of *cestuis que trust* could not be set aside in a court of equity at the instance of one who claimed to have had a contract with the trustee or the head of the family to the effect that he would not obtain the judgment, which contract was not carried out, if the party seeking to attack the judgment was guilty of laches in failing to see if the contract was carried out and in delaying for eight years to take any steps to set aside the judgment.

(*a.*) Much less will a court of law set aside such a judgment when collaterally attacked on such grounds, and the evidence for that purpose was inadmissable.

3. An exception founded on the admission of testimony will not be considered by this court where no ground of objection is stated.

CRAWFORD, Justice.