### 619.  COHEN *v.* THE STATE.

1. The particular facts which constitute exceptions to the bar of the statute of limitations need not be minutely alleged in the bill of indictment. It is sufficient if any of the exceptions stated in the Penal Code, § 30, be stated in the language therein employed. As to such exceptions the State is only required to show a prima facie case, as this is not matter essential to the actual guilt or innocence of the accused.
2. Where an offense is alleged to have been unknown, the State need only show that it was unknown to the prosecutor, in order to make prima facie proof of that allegation. Being a matter of defense, the defendant may rebut such proof by proving that the transaction alleged in the indictment as a violation of the law was known, and the general notoriety may be sufficient proof to establish the fact that it was not unknown.
3. The verdict of the jury was amply supported by the evidence, and no reason appears why a new trial should be granted.

Certiorari, from Ben Hill superior court—Judge Whipple. May 31, 1907.

Argued October 7,—Decided October 14,—Rehearing denied October 23, 1907.

*Haygood & Cutts, Hines & Jordan,* for plaintiff in error.

*Walter F. George, solicitor-general, A. J. McDonald, E. W. Ryman, E. D. Graham,* contra.

RUSSELL, J. The defendant, Cohen, was convicted of the offense of cheating and swindling, in the city court of Fitzgerald, and carried his case, by certiorari, to the superior court, where the certiorari was overruled. In the bill of exceptions there is not only the general assignment that the court erred in overruling the certiorari, but it is insisted that the court erred in not granting a new trial on each and every one of the more than fifty

44

grounds set out in the original petition. Regardless of the burden imposed upon us by the bulky record in the case, we can not but admire the painstaking zeal and laborious diligence of counsel. But after a most careful examination of the record and an investigation and consideration of every point in the case, we are not able to find a reason which would require a reversal of the judgment of the judge of the superior court. To apply our own language to a well-known principle, he who claims error must show error; and hence, even were we in doubt, the plaintiff in error has not so shown it as to remove the presumption which arises in favor of the verdict; especially where, as in this case (the defendant being guilty under his own statement), the verdict is demanded by the evidence.

The demurrer to the accusation was properly overruled. The accusation was as follows: "Whereas Isidor Gelders did, on the 17th day of April in the year 1905, make before D. W. Paulk, J. P., an affidavit charging S. M. Cohen with the offense hereinafter mentioned, now I, L. Kennedy, county solicitor, in the name of the State of Georgia, do charge and accuse—basing this accusation upon the affidavit aforesaid—the said S. M. Cohen with the offense of cheating and swindling; for that the said Cohen, on the 13th day of March, in the year 1902, in the county aforesaid, with force and arms, with intent to cheat and defraud said Isidor Gelders, did falsely and fraudulently represent to said Gelders that he, the said Cohen, was then and there the owner of a certain lot of land in the city of Fitzgerald, in said county, namely, city lot number 26, in square number 13, in block number 7, in said city of Fitzgerald, according to the plat of said city made by the American Tribune Soldiers Colony Company; and did then and there, by said false and fraudulent representations, induce said Isidor Gelders to purchase said city lot of land from the said Cohen, and to pay him, the said Cohen, for the same, the sum of seven hundred and seventy-five dollars in money; the said representations being wholly false, and having been made falsely and fraudulently and with intent to deceive, and did deceive the said Isidor Gelders as aforesaid; and the said Gelders having relied upon the said false and fraudulent representations as being true, and, upon the faith of said false and fraudulent representations, purchased said city lot of land from said S. M. Cohen and paid

him, the said S. M. Cohen, the sum of seven hundred and seventy-five dollars in money, and was thereby defrauded of said sum of $775 in money, of the value of $775; and the said offense herein alleged against the said S. M. Cohen was unknown until the seventh day of February, A. D. 1905; contrary to the laws of said State, the peace, good order, and dignity thereof. Count 2: I, the said L. Kennedy, county solicitor as aforesaid, in the name and behalf of the State of Georgia, do further charge and accuse—basing the accusation upon the affidavit aforesaid—the said S. M. Cohen with the offense of a misdemeanor, for that the said Cohen, on the 13th day of March, 1902, in the county and State aforesaid, did unlawfully cheat and defraud the said Isidor Gelders by then and there fraudulently and unlawfully, and with intent to cheat and defraud said Gelders, making unto said Gelders a second deed of conveyance to certain land in the city of Fitzgerald, in said county, namely, city lot of land number 26, in square number 13, in block number 7, according to the original town-site plat of said city, thereby obtaining from said Gelders the sum of seven hundred and seventy-five dollars, the purchase-price of said land, the said S. M. Cohen having previously made a deed of conveyance of the said land to one Glory Cohen; but the said Gelders, without any knowledge of the first deed, and upon the faith of the second deed and the representations of the said S. M. Cohen, then and there made to the said Gelders, that he, the said S. M. Cohen, was the owner of said land, paid the said S. M. Cohen the said sum of seven hundred and seventy-five dollars in money, whereby the said Gelders was cheated and defrauded by the said S. M. Cohen of the sum of $775 in money of the value of $775; and the said offense herein alleged against the said S. M. Cohen was unknown until the seventh day of February, A. D. 1905. Contrary to the laws of said State, and the good order, peace, and dignity thereof. This 12th day of June, 1905. L. Kennedy, County Solicitor."

The demurrer was based on four grounds. The first is general and depends upon the three which follow it; and the second ground, which objects to the joinder of the two counts, is not now insisted upon. The third and fourth grounds of the demurrer attack the accusation specially, the third insisting that the offense, as appears upon the face of each count, is barred by the statute of limitations, and the fourth objecting to the allegation that the offense was

*unknown,* as being insufficiently full, and for failure "to show any fact or reason why the accusation is not barred." By the terms of the Penal Code, §30, indictments may be found and filed in all misdemeanors within two years after the commission of the offense and at no time thereafter. This is with the proviso, however that no limitation shall run so long as the offender or the offense is unknown. It was ruled in *McLane* v. *State,* 4 *Ga.* 335, and reaffirmed in *Hansford* v. *State,* 54 *Ga.* 58, that as a matter of substantive right to the defendant, where an exception was relied upon to defeat the bar of the statute of limitations, it must be alleged and proved. As it is alleged in the accusation before us that the offense was unknown until the 7th day of February, 1905, it would seem that the exception is fully set out, unless it be held that the State should be required to allege to whom the offense or the offender is unknown, or why the offense in this case (or the offender in other probable cases) was unknown. Is it then necessary to set out more in the indictment than that the offense was unknown up to or until the date when it was discovered? We think not.

The decision in the *McLane* case, supra, was made upon a ruling on a motion in arrest of judgment, where it appeared upon the face of the indictment itself that the offense was barred; and the motion was sustained upon the express ground that the exception which is relied upon to relieve the bar of the statute of limitations must be alleged so as to enable the defendant to prepare his defense. We hold that it is only necessary for the indictment to state which exception is relied upon, in the language used in the Penal Code, §30. Whether the defendant had absconded from the State or concealed himself to prevent arrest, or whether the offense was unknown or the offender was undiscoverable until a certain named day, would be amply sufficient. In the *McLane* case, supra (p. 340), the court says: "The public law of the State declares that the defendant shall not be indicted for the offense of arson, after the expiration of four years from the commission of the offense, unless the offender shall abscond, or conceal himself, that he can not be arrested, or the offender was unknown. Here is an indictment, charging the defendant with the offense of arson, on the face of which it appears the offense was committed more than four years before the indictment was filed

and found in the proper court. No reason stated why it was not found before. No allegation that the defendant was within either of the exceptions mentioned. How could a judgment of conviction by the court be supported on this indictment, under the law? The argument is, that the court is bound to presume it was proved on the trial the defendant was within one of the exceptions mentioned in the statute. Admit such a presumption could be indulged in a criminal prosecution, within which one of the exceptions was the defendant, or was he within all of them? Besides, the defendant, when put upon his trial on an indictment barred by the statute, is entitled to know on what ground the State seeks to avoid its operation, as it may constitute a material part of his defense. If the State relies upon the exception that the defendant absconded from the State, he may desire to show he did not abscond from the State; if on the exception that he concealed himself [so] that he could not be arrested, he might be able to show that it was notorious, in the neighborhood, who committed the offense; the particular exception relied on should be alleged in the indictment so as to notify the defendant, that he may be prepared to meet all the allegations on the part of the State, at the trial." In the opinion of the writer one reason why the same particularity is not required in the statement of the exception is that the exception which brings the defendant to trial is not a part of the State's case. It does not involve the question of guilt or innocence. It is not a plea to the merits. It can exist with admitted guilt. That the offense is barred by the statute of limitations is matter of defense. This is in accord with the reasoning in United States v. Cook, 84 U. S. 168 (21 L. ed. 538). In that case the Supreme Court of the United States ruled as follows: "Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense, that the ingredients of the offense can not be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception. But if the language of the section defining the offense is so entirely separable from the exception, that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the indictment may omit any such reference. The matter

contained in the exception is matter of defense, and to be shown by the accused."

Our ruling, that it is not necessary for the exception to be more particularly set out in the indictment than by using the words of the Penal Code, (§3), is not in conflict with any authority in this State; and to require more than this of the State would be to require the prosecution to prove facts peculiarly within the knowledge of the defendant, and ofttimes solely within his knowledge. It is true that in the *McLane* case, supra (p. 342), Judge Warner, who delivered the opinion of the court, intimates that it is only just that the State should prove the exception. But this portion of the decision is clearly obiter, because the only question before the court was as to the sufficiency of the motion in arrest of judgment. In the *Hansford* case, supra, the record shows that the facts creating the exception were fully set out as to Hansford's confederates, but as to Hansford himself the fact that he was unknown as one of the offenders is nowhere alleged in the indictment; so that the case was decided on the authority of the *McLane* case, supra.

In *Watkins* v. *State*, 68 *Ga*. 832, in the second headnote, it was held that as the indictment alleged that the defendant concealed himself and avoided arrest, the indictment was sufficient to bring the case within the exception. Upon an examination of the *Watkins* indictment in the original record, we find that the only particularization used in the indictment—the language employed —is, "did so conceal himself that he could not be again arrested for about five years until the 7th day of July, 1881." In the *Watkins* case the trial court overruled the motion to quash the indictment on the ground that the offense was barred by the statute of limitations; and the Supreme Court having thereupon held that the exception as to concealment was sufficiently alleged, we think the decision settles it that it is only necessary for the State to affirm the particular exception relied upon by it to relieve the bar of the statute of limitations. It is not necessary to allege with particularity the facts, or set out the manner in which the exception arose. The statement of the special exception will enable the defendant to prepare to contradict it, and that is sufficient.

Where it is stated that the indictment was not brought within the period of time allowed by the Penal Code, §30, because the of-

fense or the offender was unknown, the State makes a prima facie case and shifts the burden of proof on the defendant when it is shown that the prosecutor or the party most interested did not know the offense (or the offender, as the case may be). Upon such proof that the offense was unknown to the person aggrieved, the defendant may show that it was known to him, or he may show, by evidence of common notoriety, that the bar of the statute of limitations has attached. The same would be true as to his having absconded from the State or concealed himself. The statute of limitations being a matter of defense independent entirely of the merits of the main case, and of which the defendant may avail himself though he have no defense, excuse, or justification for the actual criminal act,—the State having, by stating the exception, enabled him to meet it, it is only required to prove this portion of the indictment pro forma, unless it is challenged in the proof, by the evidence of the defendant. And in those cases where the offense is against society in general and there is no prosecutor, the return by the grand jury of a presentment containing the exception will presumptively establish that the offense or offender was unknown, until the statement is denied by evidence on the part of the defendant. There is in this ruling no conflict with the established rule that the State must prove every material fact essential to show the guilt of him who is accused of crime; for, as we have stated, this is no part of the crime, but merely an exception to a rule in his favor.

As to the exceptions contained in the petition for certiorari, it is useless to discuss any of them. No errors are apparent. But if any errors were committed, they were contained in the charge to the jury; and where the evidence requires the verdict, errors in the charge of the court will not necessitate a new trial. *Hagar* v. *State,* 71 *Ga.* 164, and citations. The requests to charge, so far as they were pertinent and legal, were covered by the general charge.

*Judgment affirmed.*