## 2144, 2145.   JONES *v.* THE STATE (2 cases).

As to the suspension of the statute of limitations, the cases are controlled by *Watkins* v. *State*, 68 *Ga.* 832; and, as to other points, by *Frost* v. *State*, 120 *Ga.* 311 (47 S. E. 901), and *Dozier* v. *State*, 107 *Ga.* 708 (33 S. E. 418).

Accusations of misdemeanors, from city court of Sandersville—Judge Jordan. August 28, 1909.

Argued October 6,—Decided October 13, 1909.

*Goodwin & Evans,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.

POWELL, J. In one of these cases the defendant was convicted of gaming; in the other, of carrying a concealed pistol. The

accusations were dated August 7, 1909, and charged the offenses as having been committed on February 15, 1907, but further recited that from that date until August 7, 1909, the defendant had "so concealed himself that he could not be arrested." The proof was that on February 15, 1907, the defendant and several others were seen by a constable, playing and betting with cards and money. He arrested them and took them before a magistrate and had a warrant issued for them. On the way to jail the defendant escaped, and the officers were not able to rearrest him, until the sheriff of a neighboring county arrested him about August 1, 1909. Pending the first arrest the defendant was searched and a pistol was found concealed upon his person. The question as to the statute of limitations might be troublesome, were it not for the decision in the case of *Watkins* v. *State, 68 Ga. 832.* Under the Penal Code, §30, the statute is suspended if the offender "so conceal himself that he can not be arrested." Here the defendant was arrested and afterwards escaped. In the *Watkins* case the court ruled: "If after the commission of a crime the offender escapes and conceals himself so that he can not be arrested, the statute of limitations will be suspended during the time for which such concealment continues. Nor does it matter that the offender is arrested, and then escapes and conceals himself before indictment, and avoids a rearrest; such concealment will suspend the statute of limitations." As to the other points the authorities cited in the headnote are controlling.

*Judgment affirmed.*