3486.   RENFROE *v.* THE STATE.

RUSSELL, J.   1. A plea of former jeopardy can not be predicated on the fact that the defendant has previously been put on trial under a void accusation. Such an accusation being an absolute nullity, the defendant could not waive the defect therein and consent that the trial proceed.

2. The instruction requested was substantially embodied in the general charge; and the omission to define an unlawful arrest, in the absence of any request on that subject, is not reversible error.

3. The evidence amply authorized the verdict of guilty.

*Judgment affirmed.*

DECIDED NOVEMBER 7, 1911.

Accusation of pointing weapon at another; from city court of Sandersville—Judge Jordan.    April 28, 1911.

1.   The accusation set out in the plea of former jeopardy omitted to state the kind of weapon pointed by the accused, or the name of the person at whom it was pointed.  He was charged "with the offense of pointing a weapon at another; for that," at a designated time and place, he did, "unlawfully and with force of arms, intentionally point one certain ———— at one ————, not in sham battle," etc.  This accusation was quashed, over the objection of the defendant, after he had waived arraignment, pleaded not guilty, and demanded a jury, and while the case was on trial before the jury.  The subsequent accusation, under which he was tried, was identical with the former accusation, except that the above-mentioned omissions were supplied by describing the weapon as a pistol and naming W. L. Smith as the person at whom it was pointed.  The first assignment of error is that the court, on demurrer, struck the plea of former jeopardy.

2.   The grounds of the motion for a new trial, in addition to the general grounds that the verdict was not supported by evidence, etc., were that the court, in charging the jury, erred in not defining an unlawful arrest; and that the court refused a request to charge that "if the weapon was pointed by the defendant as he was raising his hand to shield himself from a blow or to prevent himself from being struck, and not with the intention of pointing it as charged, he would not be guilty."  The court charged the jury that before they would be authorized to convict, it would be necessary for them to find that the defendant intentionally aimed and pointed the weapon at the person named in the accusation.

3.   From the evidence it appears that the defendant, while intoxicated, was in a store, talking loudly and using profanity, when he was approached by W. L. Smith, a policeman, wearing a policeman's uniform and badge, and carrying a club, and that a struggle between them ensued, during which the defendant took a pistol. out of his pocket and pointed it at Smith's stomach; that Smith struck him twice on the head with the club before the pistol was pointed, but he was getting it out of his hip pocket before Smith struck the first blow, and had it out before the second blow was struck.

*W. E. Armistead,* for plaintiff in error, cited: Penal Code (1910),

§§ 954, 980, 5, 349; 86 *Ga.* 268; 90 *Ga.* 444; 112 *Ga.* 750; 5 *Ga. App.* 472 (2) ; 77 *Ga.* 692.

*J. E. Hyman, solicitor,* contra, cited: 3 *Ga.* 534; 85 *Ga.* 348; 106 *Ga.* 355.