4146. HULSEY *v*. THE STATE.

RUSSELL, J. 1. There was sufficient evidence to authorize the jury to find that the accused was absent from the State after the commission of the offense, so as to prevent the statute of limitations from running against the State.

2. As to the charge of the court on the statute of limitations, this case is controlled by the decision of this court in the case of *Cohen* v. *State*, 2 *Ga. App.* 689 (59 S. E. 4).　　　　*Judgment affirmed.*

DECIDED JUNE 5, 1912.

Indictment for bigamy; from Haralson superior court—Judge Price Edwards. March 23, 1912.

The date of the indictment was November 28, 1911. It charged Hulsey with having committed the offense of bigamy on October 29, 1906, and alleged that from January, 1907, till August 1, 1911, he absconded from this State and concealed himself so that he could not be arrested, and was absent from the State for the said period of time. In the motion for a new trial it is alleged that the court erred in charging the jury as follows: "The State does not have to establish this particular allegation, as to his being out of the State, beyond a reasonable doubt. It has to bring such evidence as makes what is called a prima facie case. And then it is incumbent on the other side—the defendant—to explain whether he was here, or whether that part of the bill of indictment is true; and if it is found not to be true, as I say, upon an investigation of it, if he shows you—he does not have to show you beyond a reasonable doubt—if he shows to your reasonable satisfaction that he was here and the statute has not run against him, then that prima facie case of the State would be overcome, and he would be entitled to an acquittal on that ground." It is also alleged that the court erred in charging: "The State makes out a case when it shows that he left the State and was gone. This may be shown by admissions and confessions on his part, if they are shown to have been made in connection with any evidence that he was not seen in this county by the officers, and not seen in the community where he formerly lived."

*Griffith & Matthews*, for plaintiff in error.

*J. R. Hutcheson*, solicitor-general, contra.

POTTLE, J., concurring specially. I concur in the ruling as to the charge of the court because I am bound by the decision of this court in *Cohen* v. *State*, supra. Under the decision of the Supreme

Court in *McLane* v. *State, 4 Ga.* 335, where the indictment alleges a time beyond the period of the statute of limitations, it is also necessary to allege that the defendant has brought himself within one of the exceptions necessary to prevent the bar of the statute from attaching. Sometimes averments in an indictment may be treated as surplusage, and sometimes an unnecessary allegation must be proved. When it does become necessary for the State to prove an allegation, whether originally material or not, the evidence must be sufficient to establish the averment beyond a reasonable doubt. I know of no authority for holding that the State can prove any material allegation in an indictment with a less degree of certainty than "beyond a reasonable doubt." The moment the conclusion is reached that a particular averment is material, and must therefore be set forth in the indictment, it becomes necessary for the State to prove this averment beyond a reasonable doubt. An offense committed at a time anterior to the period fixed in the limitation statute may be alleged to have been committed within the statutory period, and, if the statute of limitations is relied upon as a defense, the State may reply by proving that the accused has placed himself within one of the exceptions which has prevented the bar of the statute from attaching. But if it were an open question, I would hold that whenever the State alleges an exception, for the purpose of showing that the offense is not barred, it is necessary to prove that exception with the same degree of certainty that any other allegation in the indictment must be proved.