## 4524. WALKER *v.* THE STATE.

An indictment which alleges that the offense described therein was committed on a named day in a named month, but omits to state the year of its commission, is not absolutely void, but is open to special demurrer before pleading to the merits. The defect in the indictment, in failing to state the year when the offense was committed, is a mere formal defect and can not be taken advantage of after verdict. A verdict of acquittal under the indictment is a bar to a subsequent conviction for the same transaction or offense.

DECIDED DECEMBER 21, 1912.

Conviction of gaming; from city court of Americus—Judge Harper. October 18, 1912.

*Hollis Fort,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

HILL, C. J. The plaintiff in error was tried on an indictment which was as follows (omitting formal parts): "For that the said John Walker, on the 2 day of Oct. in the year nineteen hundred and ——— in the county aforesaid, did then and there unlawfully and with force and arms, play and bet for money and other things of value at a certain game played with cards, to wit: poker, skin,

seven up, and other game or games played with cards." No demurrer was filed to the indictment, and the accused went to trial on the plea of general issue. The State offered evidence that the offense charged in the indictment took place on the second day of October, 1911. The accused objected to this evidence, on the ground that it was immaterial and irrelevant, as the indictment charged that the offense took place in the year 1900. The trial judge sustained the objection and excluded the testimony, and a verdict of not guilty was returned. Subsequently an accusation was preferred in the city court of Americus, charging the plaintiff in error with the offense of gaming, and on arraignment he filed a plea of autrefois acquit. This plea was in proper form. It was conceded that the offense charged both in the indictment and in the accusation was the same transaction. The judge then overruled the plea of autrefois acquit, and on the trial upon the accusation the accused was convicted. He filed a motion for a new trial and his motion was granted. On the second trial upon the accusation he was again convicted, and his motion for a new trial was overruled. On the first trial upon the accusation he excepted to the judgment overruling his special plea of autrefois acquit, and this exception was duly preserved in the record. On the second trial upon the accusation the accused did not present to the trial court this special plea of autrefois acquit, but he made it a ground of his motion for a new trial, and he insists also upon the exception pendente lite. We do not think that he was deprived of his right under this exception pendente lite because it was not insisted upon on the second trial. It was duly preserved as a part of the record in the case, and, as he assigns error on it in this court, he is entitled to have it decided.

The first, and really the only, question presented is as to whether the trial judge erred in overruling the plea of autrefois acquit; and the determination of this question depends solely upon the character of the indictment under which he was first tried. If that indictment was defective in form, but this defect was cured by verdict, the plea should have been sustained, for it was conceded that the transaction covered by the indictment and the accusation was the same. If it was an indictment void on its face, upon which no valid judgment could have been entered, the accused was not in jeopardy thereunder, and his plea was not a good one, and there was no

error in overruling it. So the first question that we consider is whether or not the allegation as to the time when the offense of gaming was committed, as set out in the indictment, was a fixed date, to wit, in the year 1900. If the time alleged when the offense was committed was 1900, then, under authority of the Supreme Court in the case of *McLane* v. *State*, 4 *Ga.* 335, the indictment was absolutely void, and the accused, on his trial thereunder, was not in jeopardy, as no valid judgment could be entered thereon against him. In that case it appeared on the face of the indictment that the offense with which the defendant was charged was barred by the statute of limitations, and none of the exceptions mentioned in the statute to prevent its operation were alleged therein, and it was held that a motion to arrest the judgment should have been sustained. In other words, if the offense appears on the face of the indictment to have been barred by the statute of limitations in reference thereto, and some statutory exception is relied upon to prevent this bar, such exception should be alleged in the indictment. If it is not alleged, the exception could not be proved by the State, and a verdict of conviction thereon would be a mere nullity to which a motion in arrest of judgment would properly lie. In the case of *Hansford* v. *State*, 54 *Ga.* 55, the decision in the *McLane* case was cited, with the statement that it had never been overruled or affected by any subsequent statute, and was therefore binding; and it was distinctly reaffirmed that an exception that is relied on to prevent the bar of the statute of limitations must be shown in the indictment.

There is some diversity in the decisions on this subject, some holding that where an indictment shows that the offense is barred by the statute and no statutory exception is alleged, the State will nevertheless be allowed on the trial to show that the offense was within the exception, and that the statute of limitations does not apply. But this is immaterial, as the decision in the *McLane* case, supra, approved in the *Hansford* case, is controlling on the subject, and under this decision it is clear that, upon the assumption that the time alleged in the indictment when the offense was committed was the second day of October, 1900, the indictment was void on its face, since the offense was barred by the statute of limitations and the conviction was unlawful, and no valid judgment could be entered on the verdict of conviction. In discussing the

question in the *McLane* case, Judge Warner said: "We are of the opinion, the judgment should have been arrested, for the reason, that taking everything to be true as stated on the face of the indictment, the defendant was not liable, under the law, to have been indicted and punished for the offense charged against him. The statute is peremptory, and declares the indictment shall be found and filed in the proper court, within four years next after the commission of the offense, and at no time thereafter. . . When the prosecuting officer for the State prefers a bill of indictment against one of the citizens thereof, for a violation of public law, he is bound to allege such facts as, if established by evidence, will authorize the arrest, detention, and judgment of the law thereon. The indictment must not only show to the court upon its face that a public law of the State has been violated, but it should also appear that the defendant has been indicted therefor, in the manner, and within the time, prescribed by the laws of the land. . . After the offense was barred by the statute the indictment should not only have charged the offense, but should also have alleged the defendant was within one of the exceptions mentioned, which would authorize the State to proceed against him, after the expiration of the four years from the commission of the offense." It is clear, under this decision, that in an indictment the time when an offense is alleged to have been committed will not generally be considered material, so it be previous to the finding of the indictment; but where a time is limited for preferring an indictment, the time laid should appear to be within the time so limited. Under the indictment in the present case it was legally impossible to have investigated the charge made against the accused, provided, of course, that the indictment alleged that the offense was committed on the second day of October, 1900. The verdict of acquittal was a mere nullity, and constituted no bar to the subsequent prosecution under the accusation. *Burch* v. *State,* 4 *Ga. App.* 384 (61 S. E. 503); *Renfroe* v. *State,* 10 *Ga. App.* 38 (72 S. E. 520).

The fact that the accused went to trial on this indictment could not be construed as a waiver of the statute of limitations. Indeed, we do not think that the statute of limitations in a criminal case can be waived by the accused. This is a matter of public concern, and is not left to the individual, and the fact that the accused went to trial could not give vitality to that which had no legal force

or effect. The defect in the indictment was incurable by waiver, verdict, or otherwise. The judgment thereon was wholly invalid and was a mere nullity.

Thus far we have discussed the question on the contention of the State that the date when the offense was committed, as alleged in the indictment, was the second day of October, 1900; but we think that this assumption was not authorized by the allegation. We must assume that this indictment was written out, and that the writer, in using the words "on the 2 day of October in the year nineteen hundred and ———," meant to insert in the blank some number, and that the omission to do so was purely inadvertent. What he intended to insert does not, of course, appear, but certainly we could not say that he intended to allege that this offense was committed in the year 1900. It would be a strained construction of the language used, in light of the manifest omission, and we must conclude that so far as the year was concerned the indictment did not allege any date when the offense was committed. If this is true, then the indictment was subject to special demurrer, and, under the repeated rulings of the Supreme Court, where the accused went to trial without a demurrer, the State could prove the time when the offense was committed, although not specifically alleged, and this formal defect was cured by the verdict. This being true, the indictment was not absolutely void on its face; the defect was cured by the verdict, and a valid judgment could be entered against the accused; and, therefore, his plea of autrefois acquit should have been sustained and the accused discharged, it being conceded that there was but one offense of gaming covered by the indictment and the accusation. As above stated, if the indictment be so defective as to be good cause for arresting the judgment, there is no jeopardy. *Simmons* v. *State,* 106 *Ga.* 355 (32 S. E. 339). But if the indictment is not so defective as that a defect therein is cured by the verdict, then the accused was in jeopardy, and the plea of autrefois acquit would be good. In *Jones* v. *State,* 55 *Ga.* 625, it is held that the allegation that an offense was committed on an impossible date, or on a date subsequent to the trial, does not make the indictment bad. In *Adkins* v. *State,* 103 *Ga.* 5 (29 S. E. 432), it is held that a motion in arrest of judgment, on the ground that the indictment charged the offense to have been committed on a date subsequent to the finding of the indictment,

comes too late and can not be sustained. See, also, the case of *McMath* v. *State, 55 Ga.* 303. In the case of *Adkins* v. *State,* supra, the Supreme Court says: "The whole matter may be summed up as follows: An indictment must allege a specific date on which the offense was committed, and that date must be anterior to the finding of the indictment; but if no such date is alleged, and it appear from the face of the indictment that it was the intention of the pleader to allege a specific date anterior to the finding of the bill, such informality must be taken advantage of by special demurrer." The court also says that a defective allegation of time is a mere informality, and not a defect of substance. And while the Supreme Court in that case expressed some dissatisfaction with the rulings in the *Jones* and *McMath* cases, cited supra, it did not review or overrule those decisions.

Indeed, we think the case of *Conner* v. *State, 25 Ga.* 515 (71 Am. Dec. 184), decides the question before us, where it is distinctly held that an indictment or presentment is good, "although an impossible day be stated as that on which the offense was committed." Where the indictment fails to state the year in which the offense was committed, this brings it within the principle of cases where an impossible date is stated as that on which the offense was committed. In the present indictment no date was stated, and manifestly it was the intention of the pleader to add to the words "nineteen hundred and ———" some specific year as the year of the commission of the offense. The error, therefore, on the trial of this indictment was in the judge's refusing to permit the State to show that the date which the pleader intended to allege in the indictment was the second day of October, in the year 1911. There being no date alleged so far as the year was concerned, this evidence was admissible.

It being conceded that there was but one offense of gaming; that this offense was intended to be covered by the indictment and also by the accusation, and that, therefore, the accused had been previously tried under the indictment and acquitted, and that this indictment upon which the acquittal was had was not absolutely void, but that the defect in the indictment was cured by the verdict, the plea of autrefois acquit should have been sustained and the accused discharged. This view of the question makes it unnecessary for us to consider any other assignment of error. *Judgment reversed.*