### 4190.   FLINT *v.* THE STATE.

1. The issuance of a criminal warrant, in pursuance of an affidavit charging one with crime, does not arrest or suspend the operation of the statute of limitations, which requires all indictments for misdemeanors to be found and filed within two years after the commission of the offense, unless the accused himself, after the issuance of the warrant, brings the case within one of the exceptions which arrest the operation of the statute.
2. The limitation applicable to indictments for misdemeanors, under section 30, paragraph 4, of the Penal Code, applies also to accusations in the several city courts. Hence the conviction of one accused of a misdemeanor, although it is alleged in the accusation that the offense was unknown until the date when the warrant for the defendant's arrest was sworn out before a magistrate, is contrary to law and without evidence to support it, when it appears, without contradiction, that the accusation was not preferred or filed within two years after the issuance of the warrant.

DECIDED JANUARY 30, 1913.

Accusation of misdemeanor; from city court of Lexington— Judge Cloud.   April 20, 1912.

*Hawes Cloud,* for plaintiff in error.

*Hamilton McWhorter Jr., solicitor, E. P. Shull,* contra.

RUSSELL, J. It is unnecessary to deal with more than one of the assignments of error; for, in our opinion, the conviction of the accused was contrary to law, because without evidence to support it.

From the record it appears that the accused was arrested on a justice's warrant, and gave bond on March 28, 1908. In May, 1909, the prosecutor made the affidavit which is the basis of the accusation, and the accusation was preferred at the May adjourned term, 1911, of the city court of Lexington. Trial was had on May 15, 1911. It appears from each of the affidavits, and from the testimony of the prosecutor himself, that the offense was committed December 4, 1906; but it is alleged in the accusation, that the offense "is not barred by the statute of limitations, as said offense was unknown to said S. L. Maxwell until the 19th day of December, 1907, shortly after which time the warrant was sworn out for the said Joe Flint, charging him with the said offense." There is no conflict in the evidence as to the fact which it is alleged constitutes an exception to the statute of limitations; and, therefore, the question is presented whether the mere swearing out of a warrant which is not followed by the filing of an accusation in more than three years can in any case suspend the operation of the statute, which distinctly provides that all indictments for misdemeanors must be filed "within two years after the commission of the offense, and at no time thereafter." Penal Code, § 30, paragraph 4.

It is conceded that one of the exceptions provided by law, to wit, that the offense was unknown, is properly alleged; and, therefore, the specific question in this case is whether, although according to the allegations of the accusation the bar of the statute of limitations was arrested until the offense was known, the mere issuance of a warrant by a magistrate (who could only inquire into the probability of the guilt of the accused and require his appearance before a tribunal clothed with jurisdiction to try him) would arrest or suspend the statute of limitations indefinitely, or until it might be the pleasure of the prosecutor or State's counsel to prefer an accusation. For, if the mere issuance of a justice's warrant as soon as the offense becomes known will serve to suspend

the operation of the statute of limitations for more than one year beyond the period prescribed by the provisions of section 30 of the Penal Code, it could just as well be used to keep the defendant under bond for twenty years. The defendant can not demand trial until there is a case in the court which has jurisdiction to try him,—until there has been an indictment or presentment (if the warrant is returned to the superior court), or an accusation, if the warrant is returned to the city court. And hence one might, at the pleasure of a prosecutor, be indefinitely subject to the stigma of a most odious charge, without any opportunity to clear his good name. Furthermore, instances may be imagined where the issuance of a warrant might be used as an instrument of oppression against one who is ignorant or friendless, or be employed as a method of collecting a disputed claim by means of the criminal law. However, we are not dealing with any supposititious case; nor are we permitted to consider the injurious effects which would result from such a construction of the criminal statute of limitations. Section 30 of the Penal Code speaks for itself, and, like all other provisions of the criminal law, it must be strictly construed. The fourth division of that section provides that an indictment for misdemeanor can not be found or filed more than two years after the commission of the offense, unless the offender absconds from this State, or so conceals himself that he can not be arrested; and in these two instances the time during which he is absent from the State, or concealed, shall not be computed as a part of the limitation. As a further exception, it is provided that the limitation shall not run "so long as the offender or the offense is unknown." In the present case, under the evidence in the record, the statute of limitations was suspended until December 19, 1907, and the question whether a warrant was issued or not is immaterial. But inasmuch as there is no evidence whatever that the defendant concealed himself, or absconded, after the 19th day of December, 1907, the statute of limitations began to operate on that date; and within two years from that time the bar of the statute attached, unless within the period between December 19, 1907, and December 19, 1909, an indictment, presentment, or accusation was preferred and filed.

The statute says "indictment," but, under repeated rulings of the Supreme Court and of this court, an accusation in a city court,

when available as a proper criminal information, supplies the place and performs the office of an indictment. There are some offenders who can not be tried on accusation (e. g., Penal Code, §§ 385-6-7-8), though only charged with misdemeanor. *Progress Club* v. *State,* infra, 174. Indictments are sanctioned by the oaths of the grand jurors, and accusations are preferred by State's counsel. Accusations may be amended (*Goldsmith* v. *State, 2 Ga. App.* 283, 58 S. E. 486), and indictments can not be. These are among the principal distinctive features which differentiate these species of criminal informations. But aside from these, it may be stated in a general way that the species of criminal information to which the term "accusation" (when used in its restricted sense) is applied is subject to the rules applicable to indictments.

The reason for limitation of the time within which criminal prosecutions may be commenced is found in the law's purpose to further the prompt punishment of lawbreakers, as well as to preserve the right of speedy trial guaranteed by the constitution. Certainly neither of these results would be advanced by holding that because indictments only are expressly mentioned in the statute, our statute of limitations is not applicable to accusations preferred in the various city courts of this State. In the first place, it is not to be supposed that the legislature, in adopting the code, elected to bar any investigation of a misdemeanor on the part of a sworn grand jury, and to estop the State from proceeding by indictment or presentment, if the two years within which a prosecution should have been instituted had elapsed, and at the same time intended to countenance and allow to be carried on in the name of the State, merely at the instance of a personal prosecutor, a prosecution for the same offense. Prosecutions upon accusations must be subject to the same limitations as present a bar to prosecutions by indictment, upon reason and for the sake of uniformity. And if we classify the city court accusation as a proceeding in the nature of an information at common law, and inquire what limitation, if any, attaches to this method of prosecution in the absence of a statute, the offense (according to the evidence in this record) would be barred at common law. 4 Blackstone's Commentaries, 308. Of course, the fact that the offense was unknown before the issuance of the magistrate's warrant would suspend the operation of the statute of limitations; but after the

offense is known, why should the State have more than two years in which to prefer an accusation in a city court, when it is not permitted to have more than two years in which to prefer an indictment?

We are aware that the precise question with which we are now dealing has not heretofore been adjudicated in this State. In the case of *Jones* v. *State,* 6 *Ga. App.* 803 (65 S. E. 801), it was indirectly referred to, and Judge Powell, in delivering the opinion of the court, said: "The question as to the statute of limitations might be troublesome, were it not for the decision in the case of *Watkins* v. *State,* 68 *Ga.* 832." In the *Jones* case, however, the conviction was sustainable because the exception that the defendant had concealed himself was plainly alleged and proved. The decision turned upon that point, and was controlled by the ruling in the *Watkins* case, supra. It has uniformly been held that in order to arrest the bar of the statute of limitations one of the three exceptions, which have been recited above, must not only be distinctly alleged, but likewise proved upon the trial. In the present case the allegation is so plainly insufficient that the judgment could perhaps have been arrested upon motion (though we are not required to decide that). But even if the allegation be sufficient, the evidence is uncontradicted that for some time in the fall of 1907 the offense was known to the prosecutor, and yet, as is apparent from the record, no accusation was prepared or filed until some time in May, 1911. A warrant issued by a justice of the peace or notary public, unless it is followed by an accusation or by an indictment of the grand jury, may be the beginning of a prosecution; and it is, so far as that term is pertinent to suits for malicious prosecution, or for malicious use or abuse of legal process, and other civil proceedings of that nature; but it is not the beginning of a prosecution so as to suspend the operation of the statute of limitations in a criminal case, simply because the statute makes the filing of the indictment the beginning of the prosecution. Being a statute affecting the right of personal liberty, the statement of the one means by which the limitation of the statute may be arrested is exclusive of any other method not expressly provided by law. Ita lex scripta est. Expressio unius exclusio alterius.

*Judgment reversed.*