### 7088. COLWELL *v.* THE STATE.

BROYLES, J. 1. No irregularity in a criminal case, not affecting the real merits of the offense charged in the indictment, shall be good on a motion in arrest of judgment; all other defects must be taken advantage of by plea, or in some other way, at the proper time pending the proceeding. *Teal* v. *State,* 22 *Ga.* 75 (68 Am. D. 482).

2. The indictment in this case, which was returned July 8, 1915, showed upon its face that the writing of the date of the offense alleged therein, to wit, "the 2nd day of June, in the year of our Lord nineteen hundred and ————— with force and arms," had not been completed by the drawer of the indictment; and it may be assured that this omission in the date was a mere lapsus pennæ. The irregularity was one of form only, and should have been demurred to before pleading to the merits. *Walker* v. *State,* 12 *Ga. App.* 91 (76 S. E. 762).

3. The case proceeded to a verdict and the accused was found guilty of burglary as charged in the indictment. No contention is made by counsel for the plaintiff in error that the proof did not show the offense to have been committed within the limitation of the statute, or even that the verdict of guilty was not demanded by the evidence. Under such a state of facts the error in the indictment manifestly caused no injury to the accused, and the court did not err in overruling the motion in arrest of judgment.        *Judgment affirmed.*

DECIDED MARCH 24, 1916.

Indictment for burglary; from Fulton superior court—Judge B. H. Hill. October 23, 1915.

*Tillou Von Nunes,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens, J. W. LeCraw,* contra.