## WHEELER, executor, v. WHEELER, administrator.

The administrator of Wheeler brought suit against the executor of Brown, making, among others, substantially the following allegations: ·Brown sold to Wheeler a tract of land, and made and delivered to him "a warranty deed in fee simple" thereto, in 1882. Wheeler died in 1888, leaving as his heirs at law his widow and eight minor children. After Wheeler's death, Brown, in 1889, obtained possession of this deed and made a deed to himself and Cummings to the mineral interest in the land. Subsequently, in 1889, Brown and Cummings sold and conveyed by deed to another such mineral interest, for which Brown received $1,660. Brown claimed that ·in his conduct after the death of Wheeler he was acting for the interest and in behalf of the widow and minor children, to whom he was related. No administration was had upon the estate of Wheeler until 1908, when the plaintiff obtained letters of administration. He sued to recover $1,660 and interest. *Held*, that if any right of action existed against the estate of Brown for the amount received by him in a sale of the mineral interest, such right exists in the heirs at law of Wheeler, and no right of action exists in favor of the administrator of Wheeler to recover the same. The demurrer on this ground should have been sustained and the petition dismissed.

JANUARY 11, 1911.

Equitable petition. Before Judge Fite. Dade superior court. September· 23, 1909.

The defendant in error (hereinafter called the plaintiff) brought suit against the plaintiff in error (hereinafter called the defendant), making substantially the following allegations:· No administration was ever had upon the estate of Thomas Wheeler Sr., deceased, until the first Monday in May, 1908, when letters of administration were granted to the plaintiff on the estate of said Wheeler, who died in 1888, leaving as his only heirs at law his widow and eight minor children. Wheeler bought a certain lot of land from A. Brown, who in 1882 made and delivered to Wheeler "a warranty deed in fee simple" to the same. Brown, who had no children, was closely related by affinity to the heirs at law of Wheeler. Brown, "desiring, as professed by him, to aid the widow and children" of Wheeler, "sent to his late residence about the year 1889 and secured possession of the deed" to the land which he had previously made to Wheeler and which had never been recorded, "and then executed deed to the mineral interest in the same [the land] to himself and the said Thomas Cummings." About the year 1888 or 1889 Brown and Cummings "were promoters of a mineral land deal, and did about the year 1889 sell various lands in Dade county to a New

England Company." After the deed was made by Brown to himself and Cummings, "about the summer of the year 1889, the said Brown and Cummings sold said mineral interest to said New England Co., or to its agent, all of said mineral interest in and to said" lot of land, "for which the said Brown collected as the purchase-price, the sum of one thousand, six hundred and sixty dollars. . . The said Brown retained all of said amount of $1,660 for the purpose of the education and maintenance of said minor children, as he claimed, till the youngest child became of age, but did agree to and did furnish to the said widow of the said Thomas B. Wheeler about $500.00 for the purpose of building a residence upon said lot of land 246. Since before the year 1882, the said Thomas B. Wheeler or his said widow and children (since his death) have been in the constant and [un] interrupted possession of said lot of land, and never during his lifetime did the said Brown deny their ownership to the same. The said A. Brown died about the year 1906, without paying to the said children or widow of the said Thos. B. Wheeler nor his legal representative the said amount for which he sold to said New England Co. the said mineral interest." I. H. Wheeler has qualified as executor of Brown, who died leaving considerable property. All of the children of Thomas Wheeler have become of age within the past four years. "Petitioner claims, in behalf of said estate of the said Thomas B. Wheeler Sr., that the said I. H. Wheeler, executor as aforesaid, is indebted to him for said estate the sum of $1,660, together with all legal interest from the 8th day of May, 1889, till the present. Petitioner charges that said indebtedness on the part of said Brown was a continuing and subsisting trust upon the part of the said Brown, and is therefore not barred by any statute of limitations. Petitioner further alleges that all the facts and conduct of the said Brown were not known to him nor his minor brothers and sisters relative to the sale of said lot of land and the withholding of said deed and said amount till within less than five years ago." The New England Company is insolvent, and it or those who became purchasers of said mineral interest obtained the same innocently, and plaintiff has no redress against them. "Wherefore petitioner brings this his suit against the said I. H. Wheeler as executor of the estate of the said A. Brown, for the collection of said full amount of $1,660 and with all interest from the time as above alleged and for which, in behalf of said estate of said

Thomas B. Wheeler Sr., he prays judgment of the court." The only other prayer of the petition was for process. The defendant filed general and special demurrers to the petition, and to the order of the court overruling the same the defendant filed exceptions pendente lite. Upon the trial of the case, a verdict was rendered in favor of the plaintiff, and to the order of the court overruling the motion of the defendant for a new trial the latter excepted.

*Foust, Payne & Tatum* and *W. U. Jacoway,* for plaintiff in error.

HOLDEN, J. (After stating the foregoing facts).

Thomas Wheeler Sr. bought the land from Brown, who in 1882 made Wheeler "a warranty deed in fee simple" to the same. Title to all minerals and mineral interests in the land passed under this deed to Wheeler. *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (15), 843 (51 S. E. 666). Wheeler was in possession of the land at the time of his death in 1888 and for several years prior thereto, and since his death his heirs at law, consisting of his widow and eight minor children, have been in possession. It does not appear that Brown, or any one else claiming under him, has undertaken to possess themselves of any minerals that may be in or on the land, or to interfere·in any way with the right to and possession of such minerals by the widow and children of Thomas Wheeler, deceased. Wheeler acquired the mineral interest in the land from Brown, and died in 1888 owning the same. After Brown had thus conveyed title to the mineral interest to Wheeler, the deed by Brown could not of itself pass any title thereto to another. If Brown undertook to sell and convey the mineral interest in his own name in behalf of the heirs at law of Wheeler, if any right of action exists against Brown, or his estate, for the amount he received in making such sale, such right of action would be in such heirs. There would certainly be no right of action in behalf of the administrator of Wheeler for such amount. According to the allegations of the petition, Brown in conveying the mineral interest was undertaking to act in the interest of the heirs as individuals owning the land; and if any right of action exists in any one, it exists in them. For this reason, if for no other, the demurrer to the petition should have been sustained and the petition dismissed. Because the court erred in not dismissing the petition on general demurrer, everything occurring after that was nugatory; and it is unnecessary to discuss the grounds of the motion for a new trial. *Southern Ry.*

*Co.* v. *Pope,* 129 *Ga.* 842 (3), 843 (60 S. E. 157) ; *Louisville &c. Railroad Co.* v. *Cody,* 119 *Ga.* 371, 372 (46 S. E. 429).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*