### 4142.   WILLIAMS *v.* CITY OF HAZLEHURST.

1. One on trial in a police court for the violation of a municipal ordinance can not be sworn as a witness in his own behalf.   The provisions of § 1036 of the Penal Code (1910) are applicable to such a trial.

2. One convicted in a police court of violating a municipal ordinance, and sentenced to a term of penal servitude, is not deprived of his liberty without due process of law, within the meaning of either the State or the Federal constitution, because denied the right of trial by jury.

3. The evidence authorized the verdict.

DECIDED MAY 22, 1912.

Certiorari; from Jeff Davis superior court—Judge Conyers. February 21, 1912.

*P. L. Smith, W. W. Bennett, J. R. Grant,* for plaintiff in error.
*J. Mark Wilcox,* contra.

POTTLE, J.　The plaintiff in error was convicted of violating a municipal ordinance, which prohibits the keeping of intoxicating liquors for illegal sale. On appeal the board of aldermen sustained the conviction, as did the judge of the superior court on certiorari. The last appeal permissible under the law is now being prosecuted in this court.

1. There is only one point which need be discussed. The aldermen refused to allow the accused to testify as a witness in his own behalf. At common law no party to a case, either civil or criminal, was a competent witness, but by statute, in perhaps nearly all of the States, parties in civil cases have been made competent witnesses, and in such cases the party may be called either in his own behalf or by his adversary. Many of the States have conferred upon persons indicted for crime the privilege of testifying in their own favor. It is uniformly held, however, that this is a privilege which may be exercised, or not, as the prisoner elects. He can not be compelled by the State to testify. In Georgia the right of the prisoner to offer himself as a witness exists only to a qualified extent. The right to make an ex parte statement in his own defense was at first confined to felony cases. Acts 1868, p. 24. Later the word "felony" was stricken and the words, "in all criminal trials in this State," were inserted. Acts 1874, p. 22. And later still the words, "and the jury may believe such statement in preference to the sworn testimony in the case," were added. Acts 1878-9, p. 53. Since this act the statute has stood as thus amended. Penal Code (1910), § 1036. In *Brown* v. *State,* 58 *Ga.* 215, Judge Bleckley suggested that, while the prisoner's counsel could not, as matter of right, interrogate him, the court might in its discretion permit this to be done. In *Wilson* v. *State,* 69 *Ga.* 227 (20), 245, it was held that even where the prisoner was cross-examined by his counsel, as the statute permitted, the judge could properly tell the jury "to give his statement just such force and weight as they saw proper." It is doubtless true that under the provisions of our statute, one on trial for crime in this State may with his consent and by permission of the court offer himself as a witness in his own behalf, and be examined both in chief and on cross. Whether this would amount to a waiver of his constitutional exemption from furnishing incriminating evidence against himself need not be decided. Perhaps the correct rule would be, that if he offers

himself as a witness, he can be compelled to answer any pertinent question in relation to his connection with the crime for which he is being tried, but not as to any other criminal transaction, not involved in the indictment. See 1 Bishop, New Criminal Procedure, §§ 1181-1187. But without reference to the prisoner's right to become a witness, or the rules to be applied when he does, it is certain that he can not be sworn, for the statute expressly says his statement "shall not be under oath," and since the privilege of offering himself at all is dependent entirely upon the statute, the right must be exercised in strict accordance with its provisions.

But it is said that the statute does not apply to cases tried in a police court, since a violation of a municipal ordinance is not a crime. If counsel's premise be sound, one on trial for the violation of a municipal ordinance could neither testify nor make an ex parte statement, unless the charter permitted it; and as the charter of Hazlehurst is silent on the subject, the plaintiff in error could not have been heard in his own defense at all. But we do not agree either with the premise or the conclusion. In a broad sense, of course, a crime is an offense against the laws of the State, though it has been held that the word "crime," as used in article 1, section 1, paragraph 17, of the constitution (Civil Code of 1910, § 6373), comprehends all penal offenses, including those against municipal ordinances. *Pearson* v. *Wimbish,* 124 *Ga.* 708 (52 S. E. 751). A case tried in a police court may not be a "criminal case" in the strict and technical sense, but it is a "criminal trial" within the meaning of the statute permitting the prisoner "in all criminal trials" to make an unsworn statement. As it appears from the record that the accused was sworn and then offered to give testimony having the sanction of an oath, there was no error in refusing to permit him to testify.

2. The sentence was that the accused pay a fine of $300, or labor for 180 days upon the public streets. It is contended that by the imposition of this sentence the prisoner was deprived of his liberty without due process of law, in violation of both the State and Federal constitutions, in that a term of penal servitude was imposed without a trial by jury. The point here made is too well settled to require any discussion, nor is there any necessity that it be certified to the Supreme ·Court. *Haney* v. *Commissioners,* 91 *Ga.* 770; *Tilley* v. *Cox,* 119 *Ga.* 867; *Little* v. *Fort Valley,* 123 *Ga.* 503; *Loeb* v. *Jennings,* 133 *Ga.* 796.

3.  The evidence authorized the verdict.  It was shown · that on several occasions the accused had delivered to various persons intoxicating liquor and received money in exchange therefor.  A sale was thus prima facie shown, and his conviction of keeping whisky on hand for unlawful sale was authorized.

*Judgment affirmed.*