### 5237. COPELAND v. THE STATE.

ROAN, J. An indictment for a misdemeanor, returned at the March term of the court, 1913, which alleged that the offense was committed on December 5, 1910, was not relieved from the bar of the statute of limitations by the following allegations: "This indictment is drawn in lieu of Indictment No. 2326, which was found true at March term of court, 1912, and which was quashed on demurrer of the defendant's counsel at the March term of court, 1913." Penal Code, § 30; *McLane* v. *State*, 4 *Ga.* 335.

The court erred in overruling the demurrer to the indictment.

*Judgment reversed.*

DECIDED DECEMBER 9, 1913.

Indictment for misdemeanor; from Cobb superior court—Judge Patterson. September 11, 1913.

*Fred Morris, C. E. Roop, Griffith & Matthews,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

---

### 5274. FRAZIER v. CITY OF ATLANTA.

POTTLE, J. 1. The defendant in a criminal case can not be sworn as a witness, even by his own consent. He may make an unsworn statement, and may, if he sees proper to do so, answer any questions propounded to him on cross-examination. Penal Code, § 1036. This statute is applicable to trials in a municipal court for violations of ordinances of the city. *Williams* v. *Hazlehurst,* 11 *Ga. App.* 194 (74 S. E. 1039).

2. Where one on trial for the violation of a municipal ordinance did not object to being cross-examined by a policeman who instituted the prosecution, and answered the questions thus propounded to him, without in any way claiming his right not to be cross-examined, he will not be allowed to complain for the first time in the reviewing court that he was subjected to cross-examination without his consent.

*Judgment affirmed.*

DECIDED DECEMBER 9, 1913.

Certiorari; from Fulton superior court—Judge Bell. September 17, 1913.

*Watt Kelly,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.