## TAYLOR *v.* THE STATE.

1. Misdemeanor indictments must be returned within two years after the commission of the offense, and at no time thereafter; but "if the indictment is found within the time limited, and for any informality shall be quashed or nol. pros'd, a new indictment may be found and prosecuted within six months from the time the first is quashed or nol. pros'd."
2. Where a defendant was indicted for the sale of securities falling within "Class A" as defined by the Georgia securities law, such sale constituted no offense under said law.
3. An indictment, which sets out no offense will not toll the statute of limitations; and where, after such indictment is nol. pros'd, a second indictment, setting up the same facts as those charged in the first indictment, but in addition alleging other and distinct facts which do constitute a penal offense, will be barred if not returned within two years after the commission of such offense.
4. Where the second indictment sets out a new, separate, and distinct offense, the fact that it was returned within six months after a former

indictment was nol. pros'd for an informality would not have the effect of tolling the statute of limitations.

No. 4738. APRIL 18, 1925.

The Court of Appeals (in Case No. 16068) requested instruction from the Supreme Court upon the following question, a determination of which is necessary for a decision of this case: W. R. Taylor was tried for a misdemeanor, on an indictment drawn under the "blue-sky law" (Acts of 1920, p. 250). The indictment disclosed that the offense was committed more than two years before the indictment was returned, and sought to avoid the bar of the statute of limitations, by alleging that a former indictment against the same defendant, and for the same criminal act, had been returned within two years from the date of the commission of the offense, and that the former indictment had been nolle-prossed for "an informality" in the indictment, and that the second indictment had been returned within six months from the date of the quashing of the first indictment. The accused filed a timely special plea in bar, as follows (formal parts omitted):

"1. The indictment in the case at bar avers that the offense was committed upon a date more than two years prior to the time such indictment was returned by the grand jury, and seeks to avoid the bar of the statute of limitations by alleging certain informalities in a previous indictment nolle-prossed within six months of its finding (last indictment). . . Defendant shows that the present indictment is different in matter of substance in several material respects, and constitutes to all legal intent a new and distinct indictment, in the following respects, to wit: In the original indictment it was alleged that the defendant was a non-resident of the State of Georgia, and as such non-resident, and with intent to defraud E. B. Willingham, did, on September 24, 1920, sell and offer to sell Willingham bonds of Cumberland Oil and Refining Co., of Louisville, Ky., said company being a non-resident company, without first filing with the Secretary of State of Georgia a statement under oath showing the name and principal place of business of him, the said W. R. Taylor, he the said W. R. Taylor being then and there a dealer in said bonds . .; in the indictment upon which he is now sought to be tried there is no allegation of his being a non-resident, and he is indicted as a resident, and this change of allegation is not matter of form but a matter of

substance, and presents a different material matter for adjudication.

"2. The former indictment, nolle-prossed as aforesaid, alleged the sale to said Willingham only of certain bonds of the Cumberland Oil & Refining Co., whereas the last indictment, sought to be substituted in its place, shows on its face that such bonds were payable within one year, and further sets out the sale of certain stock in said Cumberland Oil & Refining Co., not included in the first indictment, and which said stock if sold contrary to the Georgia securities law, known as the blue-sky law, constitutes a new and distinct crime not mentioned in the former indictment, and under which new and distinct offense it is now sought to place him upon trial, said offense alleged to have been committed more than two years prior to the finding of the bill of indictment, and not being mentioned in the former indictment. Defendant alleges that this change in the indictment is clearly one of vital substance, and in no manner an informality.

"3. The last indictment charging the sale and offer to sell stock in said company, not being mentioned in the first indictment, is barred by the statute of limitations as to the sale or offer to sell said stock, said indictment being returned more than two years after the date of the commission of the offense alleged."

On motion of the solicitor-general the plea was stricken "as insufficient in law." Was the order of the judge striking the plea error?

*F. A. Hooper & Son* and *Colley & Colley,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

HINES, J. At the May term, 1922, of Wilkes superior court the grand jury returned a bill of indictment against Taylor, charging him with being a non-resident dealer in securities, and as such having, on September 24, 1920, sold to one Willingham, and with intent to defraud Willingham, certain bonds of the Cumberland Oil & Refining Company, without first having secured from the Georgia Securities Commission a license authorizing him to sell said bonds, as required by the act known as the Georgia securities law. Acts 1920, p. 250. This indictment was nol. pros'd for "an informality." A second indictment was returned against Taylor within six months from the date of the quashing of the first-mentioned indictment. In this indictment the defendant was

charged with selling, without license, to Willingham the same bonds which he was charged with selling to him in the first indictment, and in addition was charged with selling to him, illegally and without such license, certain stock of the same company. The second indictment disclosed that this offense was committed more than two years before the indictment was returned, and sought to avoid the bar of the statute of limitations by alleging that the former indictment against the defendant for the same criminal act had been returned within two years from the date of the commission of the offense, that the former indictment had been nol. pros'd for "an informality" in the indictment, and that the second indictment had been returned within six months from the date of the quashing of the first indictment. The second indictment alleged that the bonds, with the illegal sale of which the defendant was charged in the first indictment, were payable within one year. To the second indictment the accused filed a timely special plea in bar, setting up the facts above stated. The trial court struck this plea. The Court of Appeals wishes to know if the striking of this plea was error.

1. The defendant is charged with a misdemeanor. Misdemeanor indictments must be returned within two years after the commission of the offense, and at no time thereafter; but "if the indictment is found within the time limited, and for any informality shall be quashed or nol. pros'd, a new indictment may be found and prosecuted within six months from the time the first is quashed or nol. pros'd." Penal Code (1910), § 30.

2. "Commercial paper or other evidence of indebtedness running not more than twelve months from the date of issue" is included in securities in "Class A" as defined by the Georgia securities law. Acts 1920, pp. 250, 253, 254, Park's Code (Supp. 1922), § 2909(r). The sale of the securities embraced in this class is not subject to the provisions of this act. Id. In the first indictment the defendant was charged with selling certain bonds of the Cumberland Oil & Refining Company. These bonds were commercial paper or evidences of indebtedness of said issuing company. They were payable in one year from date of issue. Consequently their sale did not fall within the provisions of this act. Ergo the first indictment set out no offense committed by the defendant.

3. As the first indictment set out no offense and for this reason was void, would a second indictment which contained the allegations embraced in the first indictment, and in addition thereto charged other facts which constituted an offense under this statute, but which disclosed that the offense was committed more than two years before the second indictment was returned, have the effect of avoiding the bar of the statute of limitations by alleging that the first indictment was for the same criminal act, that it had been returned within two years of the date of the commission of the offense, but had been nol. pros'd for "an informality" in the indictment, and that the second indictment had been returned within six months from the date of the quashing of the first indictment? In other words, can an indictment which sets out no offense be the foundation of the return of a second indictment under the provisions of section 30 of the Penal Code? We are of the opinion that such an indictment will not prevent the running of the statute of limitations in favor of the defendant. This provision of the Penal Code applies when an indictment sets out some offense and which is not actually lacking in substance, but is only lacking in formality. When it lacks due form and is quashed or nol. pros'd for lack of such form, a new indictment may be found and prosecuted within six months from the time of the quashing of the first indictment, although at the return of the second indictment the offense is barred by the statute of limitations, provided the first indictment was preferred within the statute of limitations. This question has not heretofore been before this court for decision. There are decisions of this court which shed light upon this question. These decisions are based upon the construction of section 4381 of the Civil Code (1910), which declares: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." In *Gray* v. *Hodge,* 50 *Ga.* 262, this court held that a suit in a court having no jurisdiction was a nullity and could not be renewed under this section. In *Ferguson* v. *New Manchester &c. Co.,* 51 *Ga.* 609, this court held that where service of a declaration filed in the clerk's office was not perfected as required by law, there was no suit which could be renewed under the provisions of this section of the Civil Code. This ruling was followed in *Mc-*

*Clendon* v. *Hernando Phos. Co.,* 100 *Ga.* 219 (28 S. E. 152). In *Edwards* v. *Ross,* 58 *Ga.* 147, this court held that "A void thing is not a 'suit' or 'case' within the meaning of" the above section of the Civil Code. In *Williamson* v. *Wardlaw,* 46 *Ga.* 126, this court held, that where suits upon notes were declared by this court to be void, and within six months from the judgment so declaring them void the notes were sued on again, these facts did not prevent the statutory bar from attaching. In *Hamilton* v. *Phenix Ins. Co.,* 111 *Ga.* 875 (36 S. E. 960), and in *Hill* v. *State,* 115 *Ga.* 833 (42 S. E. 286), it was held that where an application for certiorari was void it could not be renewed under this section of the Code. On the distinction between void and voidable suits, see *Atlanta &c. R. Co.* v. *Wilson,* 119 *Ga.* 781 (47 S. E. 366), and *Lamb* v. *Howard,* 150 *Ga.* 12 (102 S. E. 436). In *Denny* v. *Gardner,* 152 *Ga.* 602 (110 S. E. 891), it was held that "A void suit will not toll the statute of limitations." By parity of reasoning, we reach the conclusion that a void indictment will not toll the statute of limitations.

4. The second indictment charged the defendant with a new, separate, and distinct offense. For this reason the former indictment, if it had set out a penal offense, would not have the effect of avoiding the statute of limitations as to the offense set out in the second indictment. *Cox* v. *Strickland,* 120 *Ga.* 104 (5) (47 S. E. 912, 1 Ann. Cas. 870) ; *Southern Express Co.* v. *Sinclair,* 135 *Ga.* 155 (68 S. E. 1113). While the cases cited are civil cases and deal with suits renewed under section 4381 of the Civil Code (1910), the reasoning of these cases is applicable to the renewal of indictments under section 30 of the Penal Code (1910).

5. Applying the principles above ruled, we think that the trial court erred in striking the special plea of the defendant, and that the question propounded by the Court of Appeals should be answered accordingly.

*All the Justices concur, Russell, C. J., specially.*