### 16068.   TAYLOR v. THE STATE.

BROYLES, C. J. 1. The sale of bonds payable in one year from the date of their issue is no offense, under the Georgia securities law (Ga. L. 1920, pp. 250, 253, 254, Park's Code Supp. 1922, § 2909 (r)); and, therefore, the first indictment in this case set out no offense and was void.

(a) Such an indictment will not toll the statute of limitations, and where, after the indictment is nolprossed, a second indictment, setting up the same facts as those charged in the first indictment, but in addition alleging other and distinct facts which constitute a misdemeanor, will be barred if not returned within two years after the commission of such offense, although the second indictment was returned within six months after the first indictment was nolprossed, and although the second indictment alleged that the first indictment had been nolprossed for "an informality." Taylor v. State (this case), 160 Ga. 331 (127 S. E. 652), decided April 18, 1925, on a question certified by this court.

2. Under the above-stated rulings the court erred in striking the defendant's special plea in bar to the indictment and in refusing to quash the indictment, and this error rendered the further proceedings in the case nugatory.

> Judgment reversed. Luke and Bloodworth, JJ., concur.
>
> DECIDED MAY 14, 1925.

Indictment for bond and stock sale without license; from Wilkes superior court—Judge Shurley. October 25, 1924.

F. A. Hooper & Son, Colley & Colley, for plaintiff in error.

M. L. Felts, solicitor-general, contra.