### LAZENBY, administrator, *v.* WARE *et al.*

BELL, J. 1. While a life-tenant owes to a remainderman the duty of ordinary care to protect and preserve the property (Civil Code of 1910, § 3666; *Clark* v. *Leverett*, 159 *Ga.* 487, 491, 126 S. E. 258, 37 A. L. R. 180), they are not in privity with each other, since they hold different estates in the same property, and the former is not a trustee for the latter. *Russell* v. *Kearney*, 27 *Ga.* 96 (3); *Pool* v. *Morris*, 29 *Ga.* 374 (74 Am. D. 68); *Sanford* v. *Sanford*, 55 *Ga.* 527.

2. Where the owner of a life-tenancy in real estate commits a waste by selling the timber thereon and causing the same to be removed, to the permanent injury of the estate, such conduct amounts to a tort for which the remainderman may sue immediately to recover damages. In such case the life-tenant does not hold the proceeds under an implied or resulting trust in favor of the remainderman, but is liable as a tort-feasor, and under the statute of limitations the cause of action is barred in four years. *Parker* v. *Chambliss*, 12 *Ga.* 235; *Leonard* v. *Owen*, 93 *Ga.* 678 (20 S. E. 65); *Farrar* v. *Southwestern R. Co.*, 116 *Ga.* 337 (4) (42 S. E. 527); *Roby* v. *Newton*, 121 *Ga.* 679 (2) (49 S. E. 694, 68 L. R. A. 601); *Denny* v. *Gardner*, 152 *Ga.* 602, 608 (110 S. E. 891); Civil Code (1910), § 4495.

3. Where during the period of four years next after the accrual of the cause of action the remainderman died and thereafter suit was brought for such waste by the heirs at law of the remainderman, the statute of limitations was not tolled in favor of the plaintiff upon the ground that there was no administration upon such estate. The provision of the Civil Code of 1910, § 4376, can be invoked only by a legal representative, and does not apply in favor of heirs at law who elect to sue in their own right. See, in this connection, Civil Code (1910), § 3929; *Morgan* v. *Woods*, 69 *Ga.* 599 (2), 601; *Wheeler* v. *Wheeler*, 135 *Ga.* 603 (69 S. E. 1112); *Weems* v. *Kidd*, 37 *Ga. App.* 8 (2) (138 S. E. 863); *Tolbert* v. *Tolbert*, 41 *Ga. App.* 737 (4) (154 S. E. 655); 18 C. J. 900, § 180. No question is raised in this case as to whether the cause of action abated upon the death of the remainderman. Cf. *Alexander* v. *Dean*, 157 *Ga.* 280 (121 S. E. 238); s. c. 29 *Ga. App.* 722 (4) (116 S. E. 643); *Heffner* v. *Fulton Bag & Cotton Mills*, 39 *Ga. App.* 728 (148 S. E. 355).

4. The defendant having pleaded the statute of limitations and there being ample evidence to support the plea, the court erred in failing to charge the jury upon that issue. *Pusser* v. *Thompson*, 147 *Ga.* 60 (92 S. E. 866).

5. In view of the entire record and the issues made, there is no substantial merit in the grounds relating to the admission of evidence over objection, and to an excerpt from the charge of the court as given.

6. The plaintiffs, who were all the heirs at law of the remainderman, sued the administrator of the life-tenant who was alleged to have committed the waste. They were also heirs at law of the life-tenant, entitled in any event to one fifth of her estate; but in view of the kindred relationships and the other facts of the case they would have increased the ratio of their recovery from one fifth to one fourth if they could have established a valid cause of action on account of the alleged waste. The jury found in their favor for a specific amount on each claim, and the defendant excepted to the overruling of his motion for a new trial. *Held:*

(a) In view of the failure of the court to charge upon the statute of limitations, the verdict was erroneous and a new trial should have been granted.

(b) While the evidence shows a definite amount which came into the hands of the administrator, and the verdict was in definite parts, the administration is incomplete, and the record fails to show the exact amount which may remain for distribution after the payment of costs, commissions, and other expenses. In the circumstances, the error could not be definitely cured by permitting the defendants in error to write off any particular sum, as suggested by counsel.

*Judgment reversed. All the Justices concur.*

No. 9811. FEBRUARY 16, 1934.

*J. B. & T. R. Burnside* and *D. H. Pope,* for plaintiff in error.
*Clement E. Sutton,* contra.