### 23877. WILLIAMS v. PARSONS.

JENKINS, P. J. 1. The ten-year period of limitation as to "all actions against . . trustees," under the Civil Code (1910), § 4366, "applies only to technical trusts." *Denny* v. *Gardner*, 152 *Ga.* 602, 608 (110 S. E. 891); *Southern Star Copper Lightning Rod Co.* v. *Cleghorn*, 59 *Ga.* 782; *Farrar* v. *S. W. R. Co.*, 116 *Ga.* 337, 345 (42 S. E. 527). It has no reference to the relationship created between a vendor and purchaser in a sale of uncollected salary due to the vendor as the alleged "trustee of an executed trust for [the purchaser] as beneficiary in said sum of money" stated in the assignment, after the vendor has collected the money. Accordingly, in an action by an assignee of such a purchaser against the vendor for an alleged collection and conversion of the money, the period of limitation is four years, as fixed by the Civil Code, § 4496, in "actions for injuries to personalty."

2. "Where it does not affirmatively appear upon the face of the declaration that the cause of action is barred by the statute of limitations, this defense can not be made by general demurrer setting up that the action is barred by the statute, but is matter for plea." *Stringer* v. *Stringer*, 93 *Ga.* 320 (2), 321 (20 S. E. 242); *Powell* v. *McKinney*, 151 *Ga.* 803 (3), 810 (108 S. E. 231). Although the writing in this case, in which the defendant sold his salary to the plaintiff's assignor, bore the date July 16, 1927, and the action for conversion was not filed until July 10, 1933, the petition fails to state when the defendant collected

the salary from his employer, when the plaintiff demanded and the defendant refused to deliver the same to the plaintiff, or when any fact essential to constitute a conversion occurred; and since the petition did not show on its face a bar by the statute, which is now the sole contention, the court properly overruled the general demurrer raising this question.,

3 However, under the special grounds of demurrer, the defendant was entitled to the allegations asked, as to when the plaintiff or his assignor demanded and the defendant refused to deliver the money in question, and as to when it was collected by the defendant. It was therefore error to overrule the 3d, 4th, 26th, 29th, and 30th grounds of demurrer, although the court did not err in overruling other grounds.

*Judgment affirmed in part and reversed in part. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 12, 1934.

*Ezra E. Phillips,* for plaintiff in error. *J. Mallory Hunt,* contra.