## 20244. HODGES v. THE STATE.

HAWKINS, Justice. This case is here on certiorari, assigning error upon the ruling of the Court of Appeals (98 *Ga. App.* 97, 104 S. E. 2d 704) that "The allegations of the first three counts of the accusation, which charged offenses committed more than two years prior to the date of the accusation and which alleged a prior accusation, and that it was subsequently nol prossed, were sufficient as against the demurrers, . . . which attacked these counts as being barred by the statute of limitations." *Held:*

1. Code § 27-601 (4), which applies to accusations as well as indictments (*Flint* v. *State*, 12 *Ga. App.* 169, 172, 76 S. E. 1032), provides that indictments in all misdemeanors may be found within two years after the commission of the offense, and at no time thereafter, but that, if an indictment is found within the time limited, "and for any informality" shall be quashed or a nolle prosequi entered, a new indictment may be found and prosecuted within six months from the time the first is quashed or the nolle prosequi entered. In *Taylor* v. *State*, 160 *Ga.* 331 (127 S. E. 652), in answer to a question certified by the Court of Appeals, this court held that, in order for a former indictment which has been nol prossed to toll the statute of limitations, the former must be a valid indictment. Hence, in order to prevent an indictment or accusation which shows on its face that it was returned more than two years after the commission of a known misdemeanor offense from being barred by the statute of limitations because returned within six months after the nolle prosequi of a former indictment returned within time, the second indictment or accusation must show that the former was not nol prossed because of a fatal defect therein, or because it was void, but that such nol pros was for an "informality" or some other good reason which did not render it void. Such is the effect of the ruling of the Court of Appeals in *Copeland* v. *State*, 14 *Ga. App.* 109 (80 S. E. 211), in which the second indictment was held to be barred where it alleged only that it was returned within six months from the date a former indictment timely returned was quashed on demurrer. In *Cohen* v. *State*, 2 *Ga. App.* 689, 692 (59 S. E. 4), it was held that the exception to prevent the bar of the statute of limitations must be set out in the indictment in the language used in the Penal Code. In *Saunders*

v. *State,* 43 *Ga. App.* 59, 61 (158 S .E. 433), it is held that it is sufficient if any of the exceptions to the bar of the statute of limitations stated in the Penal Code, § 30 (now Code § 27-601), be stated "in the language therein employed."

2. Counts 1, 2, and 3 of the accusation in the present case, entered on November 13, 1957, showed that the offenses therein charged were committed in 1952, more than two years prior to the filing of the accusation, and alleged only, as a bar to the statute of limitations, that "this charge being originally filed in the form of an accusation in the Criminal Court of Fulton County on September 15, 1952, and subsequently being nol prossed on the 12th day of November, 1957," without stating any reason why the former accusation was nol prossed. The Court of Appeals erred in holding that the allegations of these counts in the accusation were sufficient against the demurrer, which attacked them as being barred by the statute of limitations. See, in this connection, *McLane* v. *State,* 4 *Ga.* 335; *Hansford* v. *State,* 54 *Ga.* 55, 58 (3).

3. The decisions of this court in *Doyal* v. *State,* 70 *Ga.* 134 (3), *Jackson* v. *State,* 76 *Ga.* 551 (2), and *Lascelles* v. *State,* 90 *Ga.* 347 (2) (16 S. E. 945; 35 Am. St. Rep. 216), relied on by counsel for the State, are not applicable to the present case. The question of the tolling of the statute of limitations by the pendency of a former indictment which had been nol prossed was not raised in any of those cases. In the *Doyal* case the charge was murder, which is never barred by the statute of limitations. In the *Jackson* case the defendant sought to plead the entry of a nolle prosequi on a former indictment as a defense, and this court held that he had no right to except to the entry of a nolle prosequi on the first bill of indictment unless it had been entered without his consent after the case had been submitted to the jury. In the *Lascelles* case the record discloses that the two indictments nol prossed and that upon which the defendant was tried were all returned within the time provided by the statute of limitations, and this court simply held that the accused, when arraigned upon an indictment subsequently found for the same offense and within the time provided by the statute of limitations, could not, by plea in abatement or motion to quash, draw in question the rightful disposition of the former bills by nol pros approved by the trial judge.

4. Paragraph "B" of the petition, assigning as error the ruling

of the Court of Appeals that the evidence authorized the verdict, presents no question of gravity and importance, or of general public concern, reviewable by this court on certiorari. *Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959.

*James R. Venable, Marvin O'Neal, Jr.,* for plaintiff in error.
*Paul Webb, Solicitor-General, John I. Kelley, Solicitor,* contra.