### 38617. ALEWINE v. THE STATE.

DECIDED FEBRUARY 2, 1961.

*A. S. Skelton, R. Howard Gordon,* for plaintiff in error.

*Clete Johnson, Jeff C. Wayne, Solicitors-General, William O. Carter,* contra.

TOWNSEND, Presiding Judge. ■ It appears that the defendant was first indicted in the Superior Court of Franklin County on October 20, 1958, for the offense of involuntary manslaughter, the date of the offense being alleged to be August 6, 1958. A nolle prosequi was sought by the solicitor-general and granted by the court to this indictment on March 30, 1959. In the meantime, on March 25, 1959, an indictment for murder involving the same transaction was returned against the defendant and this indictment also was nol-prossed on March 30, 1959. Thereafter, on October 20, 1959, the present indictment for involuntary manslaughter based on the same transaction was preferred against him. The defendant filed his plea in bar alleging that, since the present indictment was not returned within six months after the entry of a nolle prosequi, the statute of limitation has run in his favor. This claim is based on that part of *Code* § 27-601 (4) dealing with statutes of limitation for various offenses which reads as follows: "If the indictment is found within the time

limited, and for any informality shall be quashed or a nolle prosequi entered, a new indictment may be found and prosecuted within six months from time the first is quashed or the nolle prosequi entered." This Code section has presented difficulty of interpretation in prior litigation. It is a statute of limitations. *Taylor v. State*, 160 Ga. 331 (3) (127 S. E. 652). It does extend the limitations fixed by other provisions of *Code* § 27-601 so that, if the first indictment is returned within the time limited and thereafter quashed or a nolle prosequi entered for some informality and a second indictment is taken out within six months after such dismissal, the second indictment will be good although the offense charged would otherwise have been barred by the statute of limitation. *Crawford v. State*, 4 Ga. App. 789, 797 (62 S. E. 501); *Copeland v. State*, 14 Ga. App. 109 (80 S. E. 211); *Hodges v. State*, 98 Ga. App. 97, 107 (104 S. E. 2d 704). The question here is whether the statute is applicable only to save the case when the bar of the limitation attaches pending the first indictment, or whether it is a general limitation the meaning of which is that whenever the first indictment against the defendant and charging the same offense has been dismissed as therein stated, a second indictment or accusation must be brought within the six-month period regardless of whether the bar of the limitation statutes generally has attached in the meantime or not.

It is strongly argued by the State that this latter is not the case. *Code* § 3-808 contains a somewhat similar provision in regard to civil suits reading as follows: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." This provision has application only where the bar of the statute of limitation would otherwise apply, and does not attempt to limit the time in which a plaintiff may rebring his case if the statute of limitation on the action has not run. *Lewis v. Lewis*, 132 Ga. 348 (3) (63 S. E. 1114). However, *Code* § 3-808 was taken from Ga. L. 1855-56, pp. 233, 237, which act contained the provision as to such suits that

if, during the pendency of the first action "The time within which such suit is to be brought by the provisions of this act shall expire," then the plaintiff might renew said suit at any time within six months after such termination of the case "but this right shall only extend to one renewal." The act of 1855-56 deals with statutes of limitation in both civil and criminal cases, but the words "suit" and "plaintiff" are used therein in reference to civil actions only, and the word "indictments" seems to be used wherever criminal offenses are dealt with. There is accordingly no intrinsic evidence that the part of *Code* § 27-601 which we are dealing with, and which first appeared in the Code of 1861, has its origin with the act of 1855-56, but neither, of course, is there any positive indication that the original codifiers did not have it in mind when they wrote the provision into the criminal limitations statute. The language of *Code* § 27-601 is not the same as the language of either the statute or *Code* § 3-808. Since it is not, we can not merely decide by speculation that the original codifiers intended for both to have the same meaning because both were placed in the Code at the same time. The literal meaning of the statement " . . . . a new indictment may be found and prosecuted within six months from time the first is quashed or the nolle prosequi entered" seems clearly to be that the renewed indictment *must* be brought within six months regardless of other considerations. *Birdsong & Sledge v. Brooks,* 7 Ga. 88. No case we have been able to find has held to the contrary. On the other hand, this construction was applied, although obliquely, in *Price v. Cobb,* 60 Ga. App. 59 (3 S. E. 2d 131). That suit was an action for malicious prosecution, filed March 26, 1937, and charging that the alleged malicious prosecution of the plaintiff on a murder charge, instigated by the defendant, terminated in the plaintiff's favor by the entry of a nolle prosequi on the indictment on March 7, 1937. The court was faced with a decision as to whether this constituted a "termination" of the prosecution in favor of the plaintiff. Holding that it had not so terminated, the court said (p. 61): "Under the *Code,* § 27-1801, a nolle prosequi may be entered by the solicitor with the consent of the court. In such a case a new indictment may be found within six months from

the time the first indictment is quashed or the nolle prosequi entered. Neither the quashing of the indictment nor the entering of a nolle prosequi is necessarily an end to the prosecution until the bar of the statute becomes effective . . . Not until the expiration of the six-months period within which a new indictment for the same offense may be preferred, or some other act or declaration which amounts to an abandonment, is the prosecution at an end." Since there is no statute of limitation as to murder, it cannot, of course, ever be said under such conditions that the prosecution has finally terminated in the plaintiff's favor unless the six month limitation is invoked, as it was here, for that purpose. If the reasoning in the *Price* case is correct, it necessarily follows that after an indictment or accusation has been quashed or a nolle prosequi entered for informality (assuming that the original indictment does charge an offense and is not void on its face) then the prosecution must be renewed within a six months period unless some other reason to toll the period of limitation is in existence, such as, for example, the fact that the offender absconds from the State or so conceals himself that he cannot be arrested. The mere fact, as contended by the State here, that the grand jury in session at the time the nolle prosequi was entered was disqualified from returning another indictment for certain technical reasons as a result of which the murder indictment was quashed, and that it would have been necessary for the trial court to call a special session of the grand jury in order to obtain a new indictment within the six-months period, is no reason at all for giving the Code section any other or different meaning than that attributable to it by its plain language and former interpretation.

Accordingly, the trial court erred in overruling the defendant's plea in bar, and all that subsequently occurred in the case is thereby rendered nugatory.

*Judgment reversed. Carlisle and Frankum, JJ., concur. Jordan, J., concurs specially.*

JORDAN, Judge, concurring specially. As stated above, this particular Code section has presented difficulty of interpretation in prior litigation due to the fact that clear legislative intent is not shown. There can be no doubt but that at least one purpose

of this part of *Code* § 27-601 was to extend the period of limitation for an additional period of 6 months, where the indictment is found within the time limited and a nolle prosequi has been entered. While it is probable that this was the only purpose intended to be served by this language in *Code* § 27-601, I must agree with the logical reasoning and conclusion stated by Judge Townsend.